UNITED STATES of America, Plaintiff–Appellee,

v.

Timmy D. ROGERS, Defendant–Appellant.

No. 94–2248.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 1, 1994.

Decided Feb. 2, 1995.

Barry Rand Elden, Asst. U.S. Atty., Mark Hersh (argued), Criminal Receiving, Appellate Div., Chicago, IL, for U.S.

William Hedrick (argued), Skokie, IL, for defendant-appellant.

Before POSNER, Chief Judge, BRIGHT[*] and KANNE, Circuit Judges.

PER CURIAM.

Timmy D. Rogers appeals his eighty-seven-month prison sentence, imposed after having pled guilty to possession of a firearm by a previously convicted felon in violation of 18 U.S.C. § 922(g)(1). Rogers challenges the district court's[1] institution of a four-level increase in the base offense level, pursuant to § 2K2.1(b)(5) of the Federal Sentencing Guidelines. Section 2K2.1(b)(5) provides:

If the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed *or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in*

*connection with another felony offense, increase by four levels....*

U.S.S.G. § 2K2.1(b)(5) (emphasis added).

Our review of the record discloses no clear error in the imposition of the sentence. We affirm.

While Rogers pled guilty to possessing only four guns on April 26, 1993, the stipulation in the plea agreement, and as charged in other counts in the indictment, disclosed that the offense forming the basis of his conviction was simply the latest act in a larger course of conduct. Appellant's traceable gun buying spree commenced on July 22, 1991 and lasted for twenty-one months. During this time, he purchased fifty-nine firearms on twenty-eight separate occasions. Most of the guns operated semi-automatically and most were new.

The Government, in its sentencing memorandum, attached copies of police and arrest reports of the Chicago Police Department disclosing that sixteen of the guns previously purchased by Rogers had ended up in the hands of persons charged with felony crimes.

Rogers, in his testimony at the sentencing hearing, denied selling firearms to anyone, claimed he worked two jobs to get money to buy the weapons, and asserted his purchases related to his interest in firearms and a need for protection against violent crimes. He also claimed that some guns had been stolen from him and some had been confiscated by the Chicago Police Department, thus explaining how other persons came to possess these guns.

After hearing and considering all the evidence, the district judge orally made the following observation:

And even if you add all of these categories together [asserted by Rogers] and apply them to the same 59, there seems to me, drawing reasonable inferences, that it can't be justified, it can't be justified for sport usage, collection, and self-defense. There are obviously to this Court, based on reasonable inferences to be drawn, a very

[*] The Honorable Myron H. Bright, Circuit Judge for the United States Court of Appeals for the Eighth Circuit, is sitting by designation.

1. The Honorable John A. Nordberg, United States District Judge for the Northern District of Illinois.

substantial number of guns, you can't pick an exact figure, but there is obviously a very substantial number of guns that don't fit any of these categories, and because of the constant flow of funds that would indicate that weapons are being sold and new weapons are being purchased on an ongoing basis over a 22–month period, the Court concludes that a substantial portion of these guns, as evidenced by the 16 that were found in police arrests, that a substantial portion of these guns were sold; and because of the nature of the guns and because of the amount of the guns, it seems to me that a reasonable inference can be drawn, and the Court so concludes, that the defendant here had reason to believe that some of these guns were going to be used for, as is described in the language again, in connection with another felony offense, that they were used or possessed in connection with another felony offense.

Tr. at 71–72.

Rogers argues on this appeal that to impose the additional penalty, the Government needed to show a direct nexus between the weapons possessed by the defendant and a felony offense. However, the guidelines speak of enhancement in terms not only of "knowledge" but "reason to believe" that the gun would be used or possessed in connection with another felony offense. *See United States v. Brewster,* 1 F.3d 51 (1st Cir.1993).

The district judge gave thoughtful and careful consideration to the evidence. His findings have support in the evidence and are appropriate.

Accordingly, we AFFIRM.