89 F.3d 839
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James BUSH, Defendant-Appellant.
 No. 95-2784.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 10, 1996.
Decided June 19, 1996.
 
 Before BAUER, EASTERBROOK and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Appellant James Bush pleaded guilty to one count of conspiracy to commit federal firearms violations, 18 U.S.C. § 371, and was sentenced to 57 month's imprisonment. Bush appealed, and his counsel filed a motion to withdraw and an Anders brief.[1] We grant the motion to withdraw and dismiss the appeal.
 
 FACTS
 
 2
 On February 2, 1995, James Bush, a federally licensed firearms dealer ("FFL") was arrested after selling forty-seven guns to an undercover ATF agent for $5000. Bush was charged in a seven count superseding indictment with conspiracy, 18 U.S.C. § 371, and firearms violations, 18 U.S.C. §§ 922, 923, 924. Bush cooperated with authorities and made a lengthy statement indicating that he, partly with a coconspirator and partly on his own, sold approximately 400 guns to gang members. Bush admitted that he and his coconspirator had obliterated the serial numbers from some of the firearms. Bush further stated that he and his coconspirator deliberately sold the weapons in known narcotics distribution areas, and that he believed the weapons would be used by the gang members in their drug operations.
 
 
 3
 Pursuant to a written plea agreement, Bush pleaded guilty to Count I of the indictment on April 4, 1995. (See Record # 26, 27). Count I provided that between September 1994 and December 1994, Bush conspired to sell illegally 200 firearms (some with obliterated serial numbers) to gang members for use in protecting their drug operations. Bush's first sentencing hearing was held on July 12, 1995. His offense level was calculated to be 21, which included a base offense level of 12 (U.S.S.G. § 2K2.1(a)(7)), a six point enhancement because more than fifty firearms were involved (U.S.S.G. § 2K2.1(b)(1)(F)),[2] a two point enhancement because some of the firearms had obliterated serial numbers (U.S.S.G. § 2K2.1(b)(4)), a four point enhancement because the firearms were used in other felonies (U.S.S.G. § 2K2.1(b)(5)), and a three level reduction for acceptance of responsibility (U.S.S.G. § 3E1.1). Bush's criminal history level was I, and his guideline range was 37-46 months. Bush objected to the enhancement under § 2K2.1(b)(5), but Judge Conlon rejected his claim. (Record # 46). Instead, Judge Conlon informed the parties that she was considering an upward departure under § 5K2.0 and § 5K2.14, based upon the large number of firearms and the considerable danger Bush's conduct posed to the public welfare. Judge Conlon scheduled a second hearing for July 18, 1995, to give the parties the opportunity to respond to her contemplated upward departure. The prosecution filed a statement that it was taking no position on the departure, per the government's obligations under the plea agreement, but it provided updated information confirming that some of the firearms sold by Bush had indeed been used in crimes. (Record # 37). At the second hearing, Judge Conlon concluded that a two level upward departure was appropriate, pursuant to U.S.S.G. § 2K2.1, comment (n. 16) (Record # 47). Bush's new offense level was 23, with a guideline range of 46-57 months. Judge Conlon sentenced Bush to 57 months' imprisonment.
 
 ANALYSIS
 
 4
 Counsel maintains that no nonfrivolous arguments can be raised regarding the enhancement under U.S.S.G. § 2K2.1(b)(5) and the upward departures. However, this court conducts an independent review of the record. If we agree with counsel's conclusion that there are no nonfrivolous issues to appeal, we will grant the motion to withdraw and dismiss the appeal. See United States v. Kellum, 42 F.3d 1087, 1096 (7th Cir.1994).
 
 
 5
 We note that the base offense level was properly calculated, pursuant to U.S.S.G. § 2K2.1(a)(7). We also note that the enhancement pursuant to U.S.S.G. § 2K2.1(b)(4) was proper, as was the three point reduction under U.S.S.G. § 3E1.1. We also observe that the requirements of Fed.R.Crim.P. 32 were followed.
 
 
 6
 As to the matters raised by counsel, we concur that the increase under U.S.S.G. § 2K2.1(b)(5) was proper. Section 2K2.1(b)(5) provides for a four level increase if the defendant "possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense,...." For purposes of this guideline, the government need not show a direct nexus between the weapon and the other felony offense. United States v. Rogers, 46 F.3d 31, 33 (7th Cir.), cert. denied, 115 S.Ct. 1712 (1995). Further, the defendant need not know the specific felony for which the weapon would be used; the defendant need only have a reason to believe the acquirer intended to use it in connection with another felony. United States v. Messino, 55 F.3d 1241, 1255-56 (7th Cir.1995). See also United States v. Gilmore, 60 F.3d 392 (7th Cir.), cert. denied, 116 S.Ct. 434 (1995). Where a number of weapons a defendant has sold over time end up involved in crimes, an inference can be drawn that the defendant knew the weapons would be used in other felonies. See Rogers, 46 F.3d at 33. See also Gilmore 60 F.3d at 393-94. Bush admitted that he sold weapons in narcotics distribution areas to known gang members, believing that weapons would be utilized by the gang members in their drug operations. The subsequent police reports confirm that Bush's belief was correct.
 
 
 7
 We also agree that the upward departure was appropriate. A district court is authorized to depart from the guidelines range if the court finds that "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b). See also U.S.S.G. § 5K2.0; United States v. Ross, 77 F.3d 1525, 1551 (7th Cir.1996). In reviewing an upward departure, this court must evaluate: (1) whether the grounds for the departure were appropriate; (2) whether the district court's factual findings regarding the departure were clearly erroneous; and (3) whether the extent of the departure was reasonable within the structure of the guidelines. Ross, 77 F.3d at 1551.
 
 
 8
 Judge Conlon's departure was appropriate under the guidelines. Section 2K2.1, comment (n. 16) specifically provides that "An upward departure may be warranted in the following circumstances: (1) the number of firearms significantly exceeded fifty;...." Further, the factual basis of the departure was undisputed; Bush admitted that he sold 200 firearms illegally. Lastly, Judge Conlon based the amount of the departure on former guidelines section 2K2.3,[3] which included the following table:
 
 
 9
 Judge Conlon utilized the two-level difference between fifty firearms and two hundred firearms in the table. The departure was reasonable and based upon the structure of the guidelines.
 
 
 10
 As our review has revealed no nonfrivolous issues which warrant review on appeal, we GRANT counsel's motion to withdraw and DISMISS the appeal.
 
 
 
 [1]
 See Anders v. California, 386 U.S. 738 (1967). Per Circuit Rule 51(a), Bush was notified of his counsel's actions and given the opportunity to respond. He has not done so
 
 
 [2]
 Section 2K2.1(b)(1) contains the following table:
 Number of Firearms Increase in Level
 (A) 3"4 add 1
 (B) 5"7 add 2
 (C) 8"12 add 3
 (D) 13"24 add 4
 (E) 25"49 add 5
 (F) 50 or more add 6
 
 
 [3]
 Section 2K2.3 was deleted by consolidation with § 2K2.2. See U.S.S.G.App. C Amendment 189. Section 2K2.2 was subsequently deleted by consolidation with § 2K2.1. See U.S.S.G.App. C Amendment 374
 Number of Firearms Increase in Level
 (A) 6"10 add 1
 (B) 11"20 add 2
 (C) 21"50 add 3
 (D) 51"100 add 4
 (E) 101"200 add 5
 (F) more than 200 add 6