99 F.3d 1140
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Trevor C. DOUGLAS, Defendant-Appellant.
 No. 96-3064.
 United States Court of Appeals, Sixth Circuit.
 Oct. 10, 1996.
 
 Before: KENNEDY, JONES, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Trevor C. Douglas pleaded guilty to illegally possessing and dealing in firearms, violations of 18 U.S.C. §§ 922(g) and 922(a)(1)(A). On December 8, 1995, he was sentenced to an aggregate term of 97 months of imprisonment and three years of supervised release. His appeal of this judgment has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Douglas's attorney has filed a motion to withdraw, with a brief indicating that there are no colorable issues for appeal. See Anders v. California, 386 U.S. 738, 744 (1967). Counsel suggests that Douglas may wish to challenge the district court's application of USSG § 2K2.1(b)(5), which authorizes an enhanced offense level if a defendant has transferred firearms with reason to believe they would be used or possessed in connection with another felony. In his response, Douglas amplifies this argument and requests the appointment of new counsel.
 
 
 3
 The record reveals no issue that would support an appeal in this case. The transcript of Douglas's re-arraignment indicates that his guilty plea was valid and that the trial judge substantially complied with the requirements of Fed.R.Crim.P. 11. Douglas signed a plea agreement which included a recitation of the maximum penalties that he might receive and the basic rights that he was waiving by pleading guilty. After the re-arraignment, Douglas was appointed new counsel who filed a written motion to withdraw his guilty plea. However, Douglas subsequently abandoned this motion and asked the court to proceed with sentencing.
 
 
 4
 Under these circumstances, it would be frivolous to argue that Douglas's guilty plea was invalid. Nevertheless, we note that the validity of the plea was not affected by the government's alleged failure to establish an evidentiary basis for enhancing Douglas's sentence under § 2K2.1(b)(5), as proof that he had actual or constructive knowledge regarding the ultimate fate of the firearms was not necessary for his conviction under 18 U.S.C. § 922(a)(1)(A).
 
 
 5
 Douglas now argues that his offense level was improperly enhanced under § 2K2.1(b)(5). However, the plea agreement included a stipulation that his offense level would be enhanced by four levels under that section. The agreement also included the following provision:
 
 
 6
 The Defendant ... knowingly, voluntarily and expressly waives the right to appeal his sentence on any ground, including any appeal right conferred by 18 U.S.C. § 3742.... The Defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum, and, (b) any punishment to the extent that it constitutes an upward departure from the guideline range deemed most applicable by the sentencing court.
 
 
 7
 A defendant may make a valid waiver of any right, even a constitutional right, by entering a knowing and voluntary plea agreement. United States v. Ashe, 47 F.3d 770, 775-76 (6th Cir.), cert. denied, 116 S.Ct. 166 (1995). Hence, Douglas has waived his right to appeal the enhancement of his offense level under USSG § 2K2.1(b)(5). See United States v. Allison, 59 F.3d 43, 47 (6th Cir.), cert. denied, 116 S.Ct. 548 (1995); Ashe, 47 F.3d at 775-76.
 
 
 8
 Douglas did not raise any legal arguments at sentencing, and his attorney indicated that there were no further objections to the presentence investigation report ("PSI") at that time. Douglas now maintains that he raised his current argument in a letter to the court. However, this issue was not specifically raised in the written motion to withdraw Douglas's guilty plea, and it was not raised during his sentencing hearing. Hence, even if the express waiver in the plea agreement is disregarded, Douglas has waived any arguments that he might have had regarding his sentence, in the absence of plain error that affects his substantial rights. See United States v. Thomas, 24 F.3d 829, 832 (6th Cir.), cert. denied, 115 S.Ct. 453 (1994).
 
 
 9
 The district court did not commit plain error by enhancing Douglas's offense level under USSG § 2K2.1(b)(5). The court indicated that this provision was applicable when it advised Douglas as follows immediately before announcing his sentence:
 
 
 10
 When people get guns the way they were getting them through you, Mr. Douglas, there is a great likelihood they are going to use those guns to kill other people.... You should hope and pray for as long as you live that none of those guns that you put out into the hands of other people and possessed will use them unlawfully to kill somebody.
 
 
 11
 The court's finding is also apparent from its acceptance of the plea agreement and the PSI, which both provided for an enhancement under § 2K2.1(b)(5). More specific factual findings regarding the applicability of § 2K2.1(b)(5) were not required, as there was no active dispute regarding this issue at the time of sentencing. See generally USSG § 6A1.3 (1994).
 
 
 12
 Douglas now argues that the government did not meet its burden of showing that an enhancement was appropriate under § 2K2.1(b)(5). This argument is refuted by an examination of the plea agreement, which includes the following stipulation:
 
 
 13
 The government and Defendant agree that under Guideline Section 2K2.1(b)(5) the offense level shall be increased by 4 levels for Defendant transferred firearms with reason to believe they would be used or possessed in connection with another felony offense.
 
 
 14
 Stipulations voluntarily entered by the parties are generally binding. Moreover, the stipulation here was made as part of a plea bargain, which is contractually binding on Douglas. See Ashe, 47 F.3d at 776. Thus, the stipulation bore the minimum indicia of reliability that is necessary for its consideration as a sentencing factor. The stipulation also provided sufficient support for the district court's findings regarding the applicability of § 2K2.1(b)(5). See United States v. Rogers, 46 F.3d 31, 32-33 (7th Cir.) (per curiam), cert. denied, 115 S.Ct. 1712 (1995); United States v. Cutler, 36 F.3d 406, 408 (4th Cir.1994).
 
 
 15
 No other potential error is apparent from the present record.
 
 
 16
 Accordingly, counsel's motion to withdraw is granted, Douglas's request for new counsel is denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.