In the
United States Court of Appeals
For the Seventh Circuit

No. 00-2917

United States of America,

Plaintiff-Appellee,

v.

Warren Charles,

Defendant-Appellant.



Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 00-CR-1--Rudolph T. Randa, Judge.



Argued January 11, 2001--Decided February 1,
2001



  Before Flaum, Chief Judge, and Cudahy and
Posner, Circuit Judges.

  Flaum, Chief Judge.  Warren Charles
pleaded guilty to one count of inducing a
false and fictitious statement in
connection with the purchase of a
firearm, and two counts of being a felon
in possession of a firearm. Upon
recommendation by the government, the
district court increased Charles's
sentencing level pursuant to U.S.S.G.
sec.2K2.1(b)(5), which provides for a
four-level increase for possessing a
firearm in connection with another felony
or transferring a firearm with knowledge,
intent, or reason to believe that it
would be used in connection with another
felony. On appeal, Charles contends that
there was insufficient evidence to
support the four-level increase. For the
reasons stated herein, we affirm the
district court's decision.

I.  BACKGROUND
  On September 28, 1998, Shawna Sims
purchased two Smith and Wesson semi-
automatic handguns from Badger Guns &
Ammo, located in Milwaukee, Wisconsin. At
the time of the acquist, Sims signed a
statement attesting that she was

purchasing the guns on her own behalf. This was not true. Immediately upon completing her transaction with Badger Guns, Sims transferred the weapons to the defendant, Warren Charles. Since Charles was a convicted felon--and thus unable to procure guns from federally licensed gun dealers on his own--he relied upon such straw purchases for all his weapons needs. In fact, Charles admitted to having obtained six handguns by means of such straw purchases. According to Charles, upon receiving the two handguns on the 28th, he sold them to a friend, Derrick Waller.

During this time period, Charles and his long-time girlfriend separated. Charles was deeply angered by this parting, and blamed the girlfriend's family for causing the breakup. On October 6, 1998, James Love, the brother of Charles's girlfriend, reported that his residence had been fired upon. Cartridge casings found at the scene were traced to one of the guns purchased by Sims on September 28. Approximately two weeks later, Shirley Love, the mother of Charles's girlfriend, was shot at as well. She reported to police that, "shortly before" the shooting, she had seen Charles, Waller, and two others "in the area." Cartridge casings found at the scene matched the ones found after the October 6 shooting.

On January 10, 1999, Milwaukee Police Officers stopped an automobile being driven by Derrick Waller. Charles was identified as the passenger in the car. The police searched the vehicle and discovered, hidden in the driver's side rear window speaker compartment, the .357 Smith & Wesson firearm used in the two October shootings. As a result, Waller was arrested for carrying a concealed weapon, and being a felon in possession of a firearm. While Charles was not arrested at that time, on April 26, 2000, a three-count information was filed in the United States District Court for the Eastern District of Wisconsin against him. Count One charged Charles with knowingly inducing, aiding or abetting a false and fictitious statement to be made in the acquisition of a firearm, in violation of 18 U.S.C. sec. 922(a)(6) and 18 U.S.C. sec. 2. Counts Two and Three charged Charles with being a felon in possession of a firearm in violation of

18 U.S.C. sec. 922(g)(1). On May 4, 2000, Charles waived his right to indictment, and pursuant to a plea agreement, entered a plea of guilty to the three-count information.

The presentencing report ("PSR"), as well as the government in the plea agreement, recommended that, for sentencing purposes, Charles receive a four-level increase pursuant to U.S.S.G. sec. 2K2.1(b)(5). That Guideline provides that:

If the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase by 4 levels.

Despite Charles's objection, the district court found the four-level increase appropriate. The court sentenced Charles to 105 months incarceration, a $2,000 fine, supervised release for three years, and a mandatory special assessment of $300. Charles now appeals, arguing that there was insufficient evidence to support his sentence enhancement.

## II.   DISCUSSION

We review a district court's application of the sentencing guidelines de novo, but defer to the court's finding of facts unless they are clearly erroneous. United States v. Payton, 198 F.3d 980, 982 (7th Cir. 1999). "A factual determination is clearly erroneous only if, after considering all the evidence, the reviewing court is left with the definite and firm conviction that a mistake has been committed." United States v. Messino, 55 F.3d 1241, 1247 (7th Cir. 1995) (internal quotation marks omitted). Additionally, a district court's choice between two permissible inferences from the evidence cannot be clearly erroneous. United States v. Wyatt, 102 F.3d 241, 246 (7th Cir. 1996) (citing Anderson v. Bessemer City, 470 U.S. 564, 574 (1985)).

Charles argues that there was insufficient evidence to support the four-level increase he received pursuant to U.S.S.G. sec. 2K2.1(b)(5). Specifically, he contends that subsequent to acquiring

the handgun from Sims, he sold it to Waller. According to Charles, Waller purchased the gun for protection purposes, and it was merely a coincidence that Charles happened to be in the vehicle when it was stopped by police. Furthermore, Charles puts forth that the only evidence placing him in the vicinity of Shirley Love's shooting is her statement that she had seen him in the area earlier. Taken together, he argues, there was insufficient evidence for the district court to find, by a preponderance of the evidence, that Charles either possessed the firearm in connection with the shootings or transferred the firearm with knowledge, intent, or reason to believe that it would be used in connection or possessed in connection with the shooting.

Charles's complaint is not entirely without merit. We too are troubled by the limited evidence that the government has presented in support of an enhancement of four-levels. In this instance, because of Charles's enhancement, his offense level went from 19 (which under his Category V Criminal History translates into a sentencing range of 57-71 months) to 23 (which translates into a range of 84-105 months). The district court, adopting the PSR recommendation, sentenced Charles to the high end of that range. Yet, while Charles's enhancement meant the possibility of an additional 2 years and 10 months imprisonment, the government was content to rest its recommendation on broad statements and inferences. For example, we note that neither the record nor the government at oral argument could provide any clarification on how long before the shooting Shirley Love saw Charles or the size of the "area" in which she saw him.

Nonetheless, we cannot conclude that the district court clearly erred in determining the enhancement appropriate. Charles admits that he purchased a .357 caliber Smith & Wesson from Sims. It is also uncontested that the same .357 was used to shoot at James Love's residence and at Shirley Love. Furthermore, that same weapon was found in an automobile occupied by Waller and Charles. Additionally, the record indicates that "bad blood" existed between Charles and the Loves and that Charles had been spotted at some point before the shooting

in the area where Shirley Love was shot at. The district court, based on that evidence, reached the conclusion that even if Charles were not prevaricating regarding his transferring of the gun to Waller, the enhancement was still appropriate. Considering (1) Charles's proximity to Waller at the time of the shooting, (2) Charles's presence with Waller at the time the gun was discovered by police, and (3) the fact that Waller had no independent reason to attack James and Shirley Love, the court determined that if Charles did transfer the weapon to Waller, he did so with at least reason to believe, if not intent or knowledge, that it would be used to shoot at Shirley Love. Therefore, regardless of who actually fired the shots at Shirley Love, the enhancement was justified./1 Thus, that the weapon was used or possessed in connection with another felony, or transferred with knowledge, intent or reason to believe it would be used or possessed in connection with another felony, was a logical and permissible inference made by the district court, based on the available evidence. See e.g. United States v. Rogers, 46 F.3d 31 (7th Cir. 1995) (finding that the district court did not err in determining that the appellant transferred weapons with reason to believe they would be used in felonies, when that determination was based on a reasonable inference drawn from the circumstances). We find, in this instance, that the district court's inference is not clearly erroneous.

III. CONCLUSION

For the foregoing reasons, we Affirm the decision of the district court.

/1 We note that even if at the time Charles transferred the gun to Waller he did not have intent that it be used to shoot at Shirley Love, the district court's decision, in light of its finding that Charles was a party to the shooting, would still be correct. In United States v. Payton, we held that the government is not required to establish that the defendant's physical possession of the weapon was simultaneous with the defendant's intent to use the weapon in connection with another felony. 198 F.3d at 983. Thus, once Charles transferred the weapon to Waller, his subsequentintent that it be used to commit a felony would satisfy for enhancement purposes.