# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2010

No. 10-40114
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

KERIANNE GREEN,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:08-CR-1411-1

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

In this appeal, we review Defendant–Appellant Kerianne Green's sentence resulting from a guilty plea conviction for knowingly and willfully making and causing to be made a false statement in the records of a federally licensed firearms dealer, pursuant to 18 U.S.C. §§ 924(a)(1)(A), (a)2. The evidence showed that Green purchased five Beretta pistols in McAllen, Texas, which she then smuggled into Mexico for her common-law spouse, Gabriel Gardea, and a man identified in the presentence report as FNU LNU.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40114

Green contends that the district court erred in applying a four-level enhancement under U.S. SENTENCING GUIDELINES MANUAL (U.S.S.G.) § 2K2.1(b)(5) (2010). Although Green has completed her sentence of 12 months and a day, her case is not moot because she presently is serving her two-year supervised release term. *See United States v. Lares-Meraz*, 452 F.3d 352, 355 (5th Cir. 2006) (per curiam).

Under § 2K2.1(b)(5), a four-level enhancement is applied if the defendant:

(i)    transported, transferred, or otherwise disposed of two or more firearms to another individual, or received two or more firearms with the intent to transport, transfer, or otherwise dispose of firearms to another individual; and

(ii)   knew or had reason to believe that such conduct would result in the transport, transfer, or disposal of a firearm to an individual—

(I)   whose possession or receipt of the firearm would be unlawful; or

(II)  who intended to use or dispose of the firearm unlawfully.

§ 2K2.1, 2006 amend. cmt. n.13(A). The commentary to § 2K2.1 provides that an individual whose possession or receipt of the firearm would be unlawful "means an individual who (i) has a prior conviction for a crime of violence, a controlled substance offense, or a misdemeanor crime of domestic violence; or (ii) at the time of the offense was under a criminal justice sentence . . . ." § 2K2.1, 2006 amend. cmt. n.13(B).

The district court's application of the Sentencing Guidelines is reviewed de novo, and its factual findings are reviewed for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). This court upholds a district court's factual finding on clear error review so long as the enhancement is plausible in light of the record as a whole. *United States v. Gonzales*, 436 F.3d 560, 584 (5th Cir. 2006). The Government must prove sentencing enhancements

by a preponderance of the evidence. *United States v. Trujillo*, 502 F.3d 353, 357 (5th Cir. 2007).

Here, the Government concedes that the district court erred by imposing the § 2K2.1(b)(5) enhancement because there was no evidence that either Gardea or FNU LNU had a relevant criminal conviction or was under a criminal justice sentence at the time of the offense. *See* § 2K2.1, 2006 amend. cmt. n.13(B). But for this error, Green would have faced a Guideline imprisonment range of only 6 to 12 months in prison. *See* U.S.S.G. ch. 5, pt. A, sentencing table (2010). The Government admits that there is no evidence that the district court would have imposed the same sentence of 12 months and a day but for the misapplication of the Guideline. Without proof that, but for the error, the district court would have imposed the same sentence, the Government cannot meet its burden to prove that the error is harmless. *See United States v. Delgado-Martinez*, 564 F.3d 750, 753-54 (5th Cir. 2009). For the foregoing reasons, Green's sentence is vacated and we remand for resentencing.