NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued May 13, 2011
Decided August 12, 2011

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-1019

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 10-CR-107-bbc-2 |
| DARREN RICHARDSON, *Defendant-Appellant*. | Barbara B. Crabb, *Judge*. |

**O R D E R**

On March 13, 2010, Darren Richardson and a teenage male accomplice robbed Grampa's Gun Shop in Madison, Wisconsin. After entering the store, Richardson and his accomplice physically forced the owner into a bathroom, restrained him with duct tape and threatened to harm him if he attempted to escape. The duo took 34 firearms from the store and fled in a getaway car driven by Daniel Barlow, a convicted felon and co-conspirator. Once away from the scene of the crime, Richardson gave four of the stolen firearms to Barlow and six to the teenage accomplice, keeping the remainder for himself.

Video taken by surveillance cameras led to the identification of the getaway car and, eventually, the arrests of Barlow and Richardson.  After Richardson was indicted in the United States District Court for the Western District of Wisconsin for violating 18 U.S.C. § 922(u) (prohibiting theft of a firearm from a licenced firearm dealer), he confessed his role in the robbery to the police.  He pleaded guilty to the § 922(u) charge and, on December 28, 2010, appeared before Judge Crabb for sentencing.

The Presentence Report (PSR) prepared for Richardson's sentencing stated that Richardson "engaged in the trafficking of firearms" and recommended that he receive a four-level enhancement in accordance with U.S.S.G. § 2K2.1(b)(5).  Richardson objected to the PSR's recommendation, arguing that the government had not established that he had sold the firearms he retained after the robbery and that the actions he confessed to performing did not qualify for the enhancement. The district court rejected Richardson's arguments, finding that he was eligible for the enhancement because he distributed four guns to Barlow, who could not legally possess firearms.  The court proceeded to calculate his advisory guideline range at 37-46 months and sentenced him to 46 months imprisonment.  Richardson appeals from the district court's sentence, arguing that the court's decision to apply the § 2K2.1(b)(5) sentence enhancement was erroneous.

Application Note 13 to U.S.S.G. § 2K2.1 sets forth a two-part test that determines whether the (b)(5) sentence enhancement applies to a defendant.  In relevant part, it states,

> Subsection (b)(5) applies . . . if the defendant–(i) transported, transferred, or otherwise disposed of two or more firearms to another individual . . . ; and (ii) knew or had reason to believe that such conduct would result in the transport, transfer, or disposal of a firearm to an individual–(I) whose possession or receipt of the firearm would be unlawful; or (II) who intended to use or dispose of the firearm unlawfully.

U.S.S.G. § 2K2.1, Application Note 13.

The district court did not err when it found that Richardson "transported, transferred, or otherwise disposed of two or more firearms to another individual."  Richardson admitted that he was in possession of the stolen guns after the robbery and that he handed several of the guns over to his co-conspirators.  While it seems unlikely that the distribution of guns among co-conspirators following the robbery of a gun store is what the drafters of the Sentencing Guidelines had in mind when creating § 2K2.1(b)(5), Richardson's actions, on their face, satisfy the first prong of the Application Note's test.

It appears, however, that the district court erred when it found that Richardson's behavior satisfied the second element of the Application Note's test.  When making this

finding, the court stated: "[The guns] were given to Mr. Barlow. Mr. Barlow was not a person who was legally able to possess a gun. That meets the requirements." The court's statement was erroneous because the Application Note clearly states that the enhancement applies only when a defendant actually knew or had reason to believe that it would be illegal for the recipient to possess the gun. The court erred by focusing on whether Barlow could legally possess a gun and failing to address the relevant issue – whether Richardson knew (or should have known) that Barlow was a convicted felon who could not legally possess a gun.[*]

An incorrect application of the guidelines requires resentencing. *United States v. Hines*, 449 F.3d 808, 816 (7th Cir. 2006); *United States v. Scott*, 405 F.3d 615, 617 (7th Cir. 2005). When reconsidering whether Richardson's conduct qualifies him for a § 2K2.1(b)(5) sentence enhancement, the district court must determine whether a preponderance of the evidence established that the defendant knew or should have known, at the time he distributed the guns, that they would be used or disposed of illegally. *See, e.g.*, *United States v. Gilmore*, 60 F.3d 392, 394 (7th Cir. 1995); *United States v. Rogers*, 46 F.3d 31, 32-33 (7th Cir. 1995); *United States v. Green*, 360 Fed. Appx. 521, 525 (5th Cir. 2010); *United States v. Marceau*, 554 F.3d 24, 32 (1st Cir. 2009); *United States v. Cutler*, 36 F.3d 406 (4th Cir. 1994). Because the parties did not contest what Richardson should have known when distributing the guns in the initial sentencing hearing, the court may receive new evidence relevant to this issue on remand. *United States v. Hagenow*, 487 F.3d 539, 542 (7th Cir. 2007) (citing *United States v. Sumner*, 325 F.3d 884, 888 (7th Cir. 2003)). Further, when deciding whether the evidence before it is sufficient to justify applying the sentence enhancement, the district court is entitled to draw "common-sense inferences" from the circumstances surrounding the crime. *See, e.g.*, *United States v. Juarez*, 626 F.3d 246, 256 (5th Cir. 2010); *Gilmore*, 60 F.3d at 394.

For the reasons stated above, the sentence imposed by the district court is **VACATED** and this matter is **REMANDED** for further proceedings consistent with this order.

---

[*]On appeal, the government has conceded that there was no evidence that Richardson knew or should have known that Barlow could not legally possess a gun.