JULIA SMITH GIBBONS, Circuit Judge,
concurring.
I concur in full in Parts I — III of the opinion. With respect to Part TV, I would caution against deciding this case on the rationale utilized in the majority court opinion. "While the opinion correctly states that the individual’s possession of the firearm in question need not be actually unlawful, it overlooks the fact that the defendant must have had knowledge or reason to believe that the individual to whom the firearm was transferred had certain prior convictions or is under a criminal justice sentence. See United States v. Asante, 782 F.3d 639, 643-44 (11th Cir.2015) (holding that the government failed to prove the defendant’s actions fell under the unlawful possession prong “[bjecause the Government failed to present any evidence that [the defendant] knew that his conduct would result in a firearm being transferred to” an individual falling under the narrow guidelines’ definition of an individual in unlawful possession); United States v. Howard, 539 Fed.Appx. 904, 908 (10th Cir.2013) (holding that the defendant’s actions fell under the unlawful possession prong where the defendant transferred at least one firearm to a known felon); United States v. Richardson, 427 Fed.Appx. 522, 523-24 (7th Cir.2011) (holding that the district court erred because it applied the enhancement without taking into account whether the defendant knew or should have known possession would be unlawful); United States v. Green, 405 Fed.Appx. 860, 862 (5th Cir.2010) (vacating the sentence in light of the government’s concession that there was no evidence that the individuals receiving the firearms “had a relevant criminal conviction or [were] under a criminal justice sentence at the time of the offense”). But see United States v. Pepper, 747 F.3d 520, 525 (8th Cir.2014) (holding that both the unlawful possession and unlawful use prongs were met and noting that the firearm transferred to the individual “was not registered, making [the individual’s] possession of it necessarily unlawful”). Instead, I believe that the stronger argument supporting the enhancement is the government’s' alternative argument — that Pawlak had reason to know that the recipient intended unlawful use of the firearm. The facts relied on support the inference that the defendant had reason to know *914 that the recipient’s possession was unlawful more obviously support an intended unlawful use.
For this reason, I would resolve the case based on unlawful use, not unlawful possession, or at least base our affirmance on both grounds.