Stephen E. BEBOUT and Stephen Bebout, Individually and as Father and Next Friend of John P. Bebout, a Minor, Plaintiffs–Appellants,

v.

NORFOLK & WESTERN RAILWAY COMPANY, Defendant–Appellee.

No. 94–2357.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 4, 1995.

Decided Feb. 10, 1995.

Rehearing Denied April 3, 1995.

Drew C. Baebler and Michael L. Nepple (argued), Bauer & Baebler, St. Louis, MO, for plaintiff-appellant.

John E. Fick (argued) and Edward Q. Costa, Samuels, Miller, Schroeder, Jackson & Sly, Decatur, IL, for defendant-appellee.

Before BAUER and MANION, Circuit Judges, and MILLER, District Judge.*

BAUER, Circuit Judge.

Stephen E. Bebout appeals from an adverse jury verdict rendered in his lawsuit against the Norfolk & Western Railway Company ("Norfolk & Western"). Bebout's diversity-based lawsuit alleges negligence on the part of Norfolk & Western and seeks damages for injuries sustained by Bebout and his brother John, when the car in which they were riding was struck at a railroad crossing by a train owned and operated by Norfolk & Western. Because we find that the jury was likely to have been misled by an erroneous instruction tendered to them, we reverse and remand for further proceedings.

On April 6, 1986, Stephen Bebout was driving his father's 1970 Ford Maverick along Route 9 near Gibson City, Illinois. His younger brother, John, was in the car with him. As they drove eastward across the railroad crossing, a northbound train travelling at around forty miles per hour collided with their car. The impact flung John through the car's windshield causing him to suffer serious head injuries. Stephen sustained several abrasions and contusions as well as a fractured wrist.

Bebout's complaint claims that Norfolk & Western was negligent in providing adequate warning. Specifically, it alleges that: (1) Norfolk & Western failed to ensure that the railroad crossing lights were operating properly; (2) the train's operators ran the train at an excessive rate of speed; (3) the train's operators were negligent in braking the train

* The Honorable Robert L. Miller, Jr., United States District Judge for the Northern District of Indiana, is sitting by designation.

upon seeing Bebout's car; and (4) the train's operators failed to discharge the train's warning devices in a timely manner. The case went to trial and upon the conclusion of Bebout's case, the court granted Norfolk & Western's motion for a directed verdict.

On appeal, a panel of this court affirmed most of the district court's decision. *Bebout v. Norfolk & W. Ry. Co.*, 982 F.2d 1178 (7th Cir.1993). As to the question of whether the train provided adequate warning of its approach, however, the court held that there was sufficient testimony to suggest that the train did not sound its warning whistle and that this part of Bebout's case should have survived the directed verdict motion. The case was remanded to the district court "for a trial on whether the train sounded its warning whistle when approaching the crossing." *Id.* at 1180.

■■■ Consistent with this court's directive, a new trial was held on that very question. Before sending the jury to deliberate, the trial court instructed them that to find Norfolk & Western liable for negligence, they had to first find that the train "didn't blow the whistle." The jury also received a special interrogatory which read, "Did the [Norfolk & Western] train sound its warning whistle when approaching the crossing?" The trial court explained the significance of the interrogatory as follows: .

> If you answer the question and say yes, the lawsuit is over. Because if they sounded the whistle then there is no negligence. If [you] say no, then you have to go on and consider the other elements in the case of a proximate cause injury and damage.

During the course of its deliberation, the jury sent the court a note which read, "We the jury need to know if we are to decide upon whether the whistle was blown or if the whistle was blown in time for the boys to be forewarned there was a train approaching?" The court responded by advising the jury to adhere to the instructions which they were given. Subsequently, the jury returned a verdict in favor of Norfolk & Western. This appeal followed.

Bebout claims he was entitled to recovery even if the train sounded its whistle, if the jury found that the warning was given too late. He contends that the jury instruction on the significance of the warning whistle was misleading in that it did not allow the jury to consider whether the warning was adequate and that the error affected the outcome of the trial. We agree.

■■■ In reviewing jury instructions, we look at the charge as a whole and evaluate first whether the instructions presented the jury with an accurate statement of the law. *DePaepe v. General Motors Corp.*, 33 F.3d 737, 743 (7th Cir.1994). In a case predicated on diversity jurisdiction, the law of the forum state governs this assessment. *Id.* at 744. But even if the instructions are not accurate, we will remand the matter only if we believe that the error so misguided the jury that one of the parties was prejudiced. *Id.* at 743.

■■■ Illinois law imposes upon train personnel who observe persons in dangerous proximity to train rails a duty to provide a signal adequate to warn those persons of the approaching train. *Puckett v. Soo Line R.R. Co.*, 897 F.2d 1423, 1428 (7th Cir.1990); *Magna Bank of McLean County v. Ogilvie*, 235 Ill.App.3d 318, 176 Ill.Dec. 393, 397, 601 N.E.2d 1091, 1095 (1992). Sounding the train whistle does not, in and of itself, satisfy the duty. *Puckett*, 897 F.2d at 1428. Whether a given warning is adequate is a highly fact-specific determination and should be decided on a case-by-case basis. *Magna Bank*, 176 Ill.Dec. at 397, 601 N.E.2d at 1095.

Applying this rule, the Illinois Appellate Court has, in similar cases, affirmed jury verdicts awarding the plaintiffs damages despite evidence that a warning signal was given. *Magna Bank*, 176 Ill.Dec. at 397, 601 N.E.2d at 1095; *Applegate v. Chicago & N.W. Ry. Co.*, 334 Ill.App. 141, 78 N.E.2d 793 (1948). In *Applegate*, the court held that even though the train's operators sounded the train whistle in advance of the car crossing, they should have recognized that the sound might be obscured by a train coming in the opposite direction, and consequently, the operators should have continued sounding the whistle after the other train had passed. *Id.* 78 N.E.2d at 797. In *Magna Bank*, the court held that the train's opera-

tors failed to fulfill their duties of care in waiting until just before the collision to sound the whistle when there was evidence indicating that they could have sounded it earlier. *Magna Bank*, 176 Ill.Dec. at 397, 601 N.E.2d at 1095. Significant here is that it is not enough for the train to sound a warning; the warning must be adequate. This information was not provided to the jury in any of the instructions. In this respect, the instructions were deficient.

Moreover, we believe that the prejudice generated by this error was evident from the jury's question. Clearly, the jurors placed some significance on whether their task was to determine only if the warning was given or also if the warning was adequate. Their concern suggests that had the jury been properly instructed, the outcome might have differed. The evidence adduced at trial was sufficient to support a verdict in the plaintiff's favor. The testimonies of several witnesses, one of whom was in a car behind Bebout's, indicated that they did not hear the train's whistle before the collision. One of Norfolk & Western's own witnesses testified that the whistle was not sounded until five or ten seconds before the collision. From this evidence, the jury could have concluded that the warning was simply too late.

Norfolk & Western has not identified for us any reason as to why this erroneous instruction should not be the basis for reversal. Its suggestion that the law of the case doctrine forecloses further inquiry into the adequacy of the warning is incorrect. The law of the case doctrine "expresses the courts' general refusal to reopen what has previously been decided." *International Union of Operating Eng'rs v. Indiana Constr. Corp.*, 13 F.3d 253, 256 (7th Cir. 1994). Norfolk & Western's position then is that although the question of whether the signal was sounded was an open issue, the court had already concluded that the signal (if sounded) was adequate. The fallacy in this argument is patent. This court's prior decision did not rest on any conclusion about the adequacy of the train's signal, but rather on the mistaken belief that Bebout was claiming that the train never sounded its whistle. *Bebout*, 982 F.2d at 1179. The court simply misunderstood Bebout's position which, since the filing of his complaint, consistently has been that the problem with the warning was that it was not given in a timely fashion.

We understand that the trial judge's instructions were based on the directions set out in this court's earlier opinion. Unfortunately, those directions were an incomplete statement of the law and were not fully representative of the plaintiff's claim. Because it now appears that had the instructions been accurate, the result of the trial may have differed, we REVERSE and REMAND this case for proceedings consistent with this opinion.

MANION, Circuit Judge, concurring.

I agree with Judge Coffey's comment in his dissent in the first appeal questioning the futility of this case. *Bebout v. Norfolk & Western Ry. Co.*, 982 F.2d 1178, 1186 (7th Cir.1993) (Coffey, J., dissenting). But on remand the jury was told to determine only whether the whistle was blown, not whether it was *timely* blown. One witness said the time between the whistle and the collision was 5–10 seconds. (Testimony from those who heard no whistle has no bearing on the question of timeliness.) That disputed fact coupled with the question of what is adequate warning is enough to give the plaintiffs their third day in court.