# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 01-4287

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JOHN J. NOBLE,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 99 CR 6—**Barbara B. Crabb**, *Chief Judge.*

ARGUED MAY 28, 2002—DECIDED AUGUST 20, 2002

Before BAUER, POSNER, and WILLIAMS, *Circuit Judges.*

WILLIAMS, *Circuit Judge.* In an earlier appeal, we vacated the defendant's 30-year sentence for possession with intent to distribute cocaine based on the principles of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). On remand, the district court reduced his sentence on that count, increased his sentence on another count, and ordered the sentences to run consecutively, maintaining his combined sentence at 30 years. The defendant again appeals his sentence. We reject defendant's argument that the district court erred in imposing consecutive sentences but agree that the court erred in calculating a portion of the quantity of cocaine attributed to him, which we conclude was based on insufficiently reliable evidence.

## I. BACKGROUND

A jury convicted John J. Noble of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a) and conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. During sentencing, the district court based much of its drug quantity findings on trial testimony and attributed another 65 ounces of cocaine to Noble for certain sales identified in the presentencing report (PSR). The 65 ounces identified in the PSR was based on witness Steven Jobe's statement to police that Noble bragged to him about selling cocaine at strip clubs 5 nights a week for over a year. The law enforcement agent's report of Jobe's statement, however, was not before the court at sentencing. The court instead relied on the PSR summary of the agent's report, which omitted any direct reference to Noble's purported admission to Jobe about the frequency of these sales:

> Jobe believed that Noble went to the strip clubs at least 5 days a week. Noble claimed to have sold cocaine to the strippers in this fashion for over one year.

Based on these sales and others not at issue in this appeal, and after imposing several sentence enhancements, the district court arrived at a sentencing range under the United States Sentencing Guidelines of 30 years to life. The court sentenced Noble to 30 years' imprisonment for conspiracy to distribute cocaine (count I) and 5 years' imprisonment for possession with intent to distribute cocaine (count II), with the sentences to run concurrently.

The jury had made no finding as to the quantity of drugs, and in a previous appeal, this court held that the sentence on count I violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because it exceeded the default maximum in § 841(b)(1)(C) for conviction without regard to quantity of cocaine: 20 years. *See United States v. Noble*, 246 F.3d

946 (7th Cir. 2001) (*Noble I*). On remand, the district court reduced the sentence on count I to 20 years, but increased the sentence on count II to 10 years and ordered that the two sentences run consecutively, bringing the total sentence back to 30 years. Noble now argues: (1) that the district court did not follow the instructions of this court when it increased the sentence on count II to preserve the 30-year combined sentence, thus continuing to violate *Apprendi*, and (2) that a portion of the drug quantity used in the sentencing calculation has no basis in reliable evidence.

## II. ANALYSIS

### A. Resentencing For Consecutive Sentences

We review de novo the district court's interpretation of the Sentencing Guidelines, *United States v. Brumfield*, Nos. 01-3752 & 01-4130, 2002 WL 1734026, at *4 (7th Cir. July 29, 2002), as well as its rejection of Noble's argument that the consecutive sentences violate *Apprendi*. *United States v. Spiller*, 261 F.3d 683, 691-92 (7th Cir. 2001).

The district court did not err in imposing a combined sentence of 30 years for both counts. *Apprendi* requires that a jury determine all facts (other than a prior conviction) that would raise a sentence above its statutory maximum. *Apprendi*, 530 U.S. at 490. Section 5G1.2(d) of the Sentencing Guidelines provides that, if the highest maximum statutory punishment is less than the amount prescribed by the guidelines, then courts should impose consecutive sentences to achieve the guidelines range. Although we have not yet decided whether, after *Apprendi*, the court is still required to impose consecutive sentences as directed by § 5G1.2(d), we have held that the district court has the discretion to do so:

> Although the courts of appeals do not agree wheth-er, in the wake of *Apprendi,* U.S.S.G. § 5G1.2(d) still compels a judge to use consecutive sentences when necessary to construct a term within the Guideline range . . . every court of appeals be-lieves that consecutive sentences are lawful if the district judge chooses to impose them.

*United States v. Knox,* 287 F.3d 667, 669 (7th Cir. 2002) (collecting cases). Sections 841(b)(1)(C) (possession with intent to distribute) and 846 (conspiracy) each authorize a maximum of 20 years without regard to quantity of cocaine. Noble's 30-year combined sentence does not ex-ceed the combined maximum for the two counts, so there was no *Apprendi* violation. *United States v. Parolin,* 239 F.3d 922, 929-30 (7th Cir. 2001) (when the combined sen-tence on a multiple-count charge does not exceed the combined maximum for each count, *Apprendi* has not been violated).

Noble next argues that, on remand, the district judge had no authority to adjust the sentence on count II, but it is settled that after the appellate court vacates the sentence on a particular count, the district court on re-mand may adjust the entire sentencing "package." *United States v. Walker,* 118 F.3d 559, 561 (7th Cir. 1997) (a defendant who successfully attacks a single count of conviction "faces the risk that the district court will look anew at the entire punishment and resentence on a re-maining count"). The district court acted within its dis-cretion in altering the entire sentence, and in running Noble's sentences consecutively to maintain a combined sentence of 30 years.

B.  Calculation of Drug Quantity

In his earlier appeal, we rejected Noble's many chal-lenges to the district court's calculation of drug quantity,

which, with one exception, are not at issue in this appeal. The one challenge he renews is that there was no reliable evidence supporting the district court's calculation attributing 65 ounces of cocaine to Noble's sales at strip clubs when Jobe was not with him. That quantity was based on Jobe's purported statement to police that Noble bragged to him about the frequency and duration of these sales. Jobe's statement was summarized in the PSR, and according to the PSR, it was Jobe's "belief" that Noble sold cocaine at strip clubs five nights per week over the course of a year. Taking into account Jobe's trial testimony that Noble ordinarily sold one-half to an ounce of cocaine, the district judge arrived at a figure of 130 ounces, which she then halved in arriving at an estimate of 65 ounces.

We rejected Noble's challenge to this quantity on his last appeal, believing that the frequency and duration of the sales was supported by Jobe's testimony at trial. *See Noble,* 246 F.3d at 952. We were mistaken. In fact, while Jobe did testify about Noble's sales when he accompanied Noble to strip clubs, there was no testimony about sales when he did not. Generally, under the law of the case doctrine, we will not revisit an issue already decided, unless we have a "conviction at once strong and reasonable that the earlier ruling was wrong" and the party that benefitted from the earlier ruling would not be unduly harmed. *Avitia v. Metro. Club of Chicago,* 49 F.3d 1219, 1227 (7th Cir. 1995). In light of this panel's mistake about Jobe's testimony—a mistake that was key to our earlier analysis—we are convinced that the earlier holding was wrong. And because the government has not identified any undue harm that would result from our reexamining the issue, we conclude that it is appropriate to do so. *See Bebout v. Norfolk & W. Ry. Co.,* 47 F.3d 876, 879 (7th Cir. 1995) (reversing a decision on subsequent appeal because the court based its prior decision on mistaken facts).

We review for clear error the district court's calculation of this portion of the quantity of drugs attributed to Noble. *United States v. Huerta*, 239 F.3d 865, 875 (7th Cir. 2001).[1] The government must prove the reliability of a drug calculation by a preponderance of the evidence. *United States v. Joiner,* 183 F.3d 635, 640 (7th Cir. 1999). A judge has leeway to extrapolate quantities from witnesses' statements of minimum sales over several occasions, *United States v. Durham,* 211 F.3d 437, 443-44 (7th Cir. 2000), and may rely on hearsay evidence not admissible at trial, *United States v. Galbraith*, 200 F.3d 1006, 1011-12 (7th Cir. 2000), so long as the evidence is sufficiently reliable. *United States v. Szakacs,* 212 F.3d 344, 352 (7th Cir. 2000).

Jobe did not testify at trial or during either sentencing hearing to the admissions purportedly made by Noble about quantities he sold when Jobe was not with him; nor did the agent to whom Jobe made the statement testify to the accuracy of the PSR summary or the agent's written report of his interview with Jobe. Thus, the only information used to calculate the 65 ounces of cocaine came from the PSR summary of the agent's report of what he was told by Jobe about what Noble told Jobe. And if we remove the agent's report from this fragile chain of hearsay (as we must, because the district court did not

---

[1] The government argues that Noble waived or forfeited his right to appeal the issue of the calculation of his sentence. We disagree. In his first appeal, Noble objected to the admission of the quantity that Jobe "believed" Noble sold, which is a direct reference to the text of the PSR. Appellant's Br. at 19 (*Noble I*). Also, during the first sentencing hearing, Noble raised an objection to the extrapolation of 130 ounces (½ ounce, 5 days per week, for 1 year). Tr. of Sentencing, Jul. 20, 1999, at 37-48. He also objected to the 65-ounce calculation in the resentencing hearing. Tr. of Resentencing, Dec. 7, 2001, at 13.

consider it[2]), then we are left with only the statement in the PSR that Jobe "believed" that Noble sold a certain amount of drugs at strip clubs, with no indication from the PSR or anything in the record of the source or reliability of that belief. Under these circumstances, we conclude that the district court's calculation of 65 ounces was clear error. *Cf. United States v. Krankel,* 164 F.3d 1046, 1055 (7th Cir. 1998) (facts stated in PSR are reliable when consistent with witness testimony); *United States v. Isirov,* 986 F.2d 183, 186 (7th Cir. 1993) (PSR reliable because based on statements from corroborating witnesses and the PSR's basis in investigative reports).

### III.  CONCLUSION

Noble's challenges to his consecutive sentence based on *Apprendi* are without merit. We conclude, however, that the 65 ounces of cocaine attributed to Noble was not based on sufficiently reliable evidence and therefore vacate the sentence and remand the case for resentencing.

A true Copy:

      Teste:

                                    _____

                                    *Clerk of the United States Court of Appeals for the Seventh Circuit*

---

[2]  The agent's report was added to the record after the appeal was filed in *Noble I*, in response to the government's motion to supplement the appellate record. The district court granted the motion, stating: "The record will be supplemented with the report for whatever use the Court of Appeals wishes to make of it." There is no indication that the district court considered the report or relied on it at Noble's sentencing after remand.

---