**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted April 5, 2005
Decided May 11, 2005

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

Nos. 04-3486 & 04-3487

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeals from the United States District Court for the Southern District of Illinois. |
| v. | No. 03 CR 30225 |
| DAVID J. RENNICKE and CRYSTAL D. RENNICKE, *Defendants-Appellants.* | G. Patrick Murphy, *Chief Judge.* |

**O R D E R**

David and Crystal Rennicke lied to the Department of Veterans Affairs and the Social Security Administration about being wheelchair-bound , thus reaping $185,000 in disability benefits plus equipment and grants intended to make their home and vehicles handicapped-accessible.  After a joint trial, a jury found the Rennickes guilty of conspiracy to commit wire and mail fraud by making false statements to the Department of Veterans Affairs, 18 U.S.C. §§ 371, 1341, 1343, and knowingly making false statements to the Department of Veterans Affairs and the Social Security Administration, *id.* § 1001(a)(2).  The district court sentenced the Rennickes each to the statutory maximum of 60-months' imprisonment on each count, to run concurrently, 3 years' supervised release, and to pay $185,114 in restitution.  The Rennickes filed notices of appeal, but both their appointed lawyers now seek to withdraw because they cannot find a nonfrivolous basis for appeal.  *See Anders v. California,* 386 U.S. 738 (1967).  Pursuant to Circuit Rule 51(b), the Rennickes

received notice of counsel's motions but did not reply. The attorneys' consolidated *Anders* brief is facially adequate, so we limit our review to the potential issues the lawyers identify. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997) (per curiam). We agree with counsel that those potential arguments would be frivolous and thus grant their motions to withdraw.

Evidence at trial revealed that, from September 1999 to the discovery of the fraud in the spring of 2003, the Rennickes repeatedly lied to employees of the Department of Veterans Affairs and the Social Security Administration, telling them that either David or Crystal was confined to a wheelchair and that the other spouse was the sole caregiver. The jury found the Rennickes guilty in a general verdict, but did not determine the total amount of loss.

Before preparation of the presentence reports and sentencing, the Supreme Court decided *Blakely v. Washington*, 124 S. Ct. 2531 (2004), which holds that facts, except for prior convictions, that increase a "statutory maximum" must be admitted or proven beyond a reasonable doubt to a jury, and we interpreted *Blakely* to apply to the United States Sentencing Guidelines in *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004). The probation officer still relied on the sentencing guidelines in her presentence reports to arrive at an imprisonment range for both defendants of 21 to 27 months. That range was calculated after basing a 10-level upward adjustment on a loss amount of $185,114. *See* U.S.S.G. § 2B1.1(a)(2), (b)(1)(F) (2003). The Rennickes raised a Sixth Amendment objection under *Blakely* to the loss calculation, arguing that the jury had not found the amount beyond a reasonable doubt. The government, meanwhile, filed its own objection, arguing that the intended loss exceeded $2.5 million because the Rennickes would have continued to receive benefits had their fraud not been discovered, and so the imprisonment range should be from 63 to 78 months. The government urged the court to sentence the Rennickes to 63 months by imposing partially consecutive sentences as mandated by U.S.S.G. § 5G1.2(d) to reach a minimum range.

During sentencing the district court recognized the Sixth Amendment problem identified first in our *Booker* decision and later by the Supreme Court when it affirmed our judgment, *see United States v. Booker*, 125 S. Ct. 738 (2005). Consequently, the district court proceeded as though the guidelines were defunct and it was bound only by the prescribed statutory limits. The court thus settled on 60 months' total imprisonment for each defendant, citing the "ugly" facts of the case in explanation. But recognizing that the Supreme Court might well uphold the guidelines as mandatory, the district court also announced an alternative, guideline sentence of 63 months' imprisonment for both Rennickes. That sentence was based on the court's adoption of the government's recommendations for a loss amount exceeding $2.5 million, and for a "sophisticated means" adjustment under U.S.S.G. § 2B1.1(b)(8)(C) (2003).

In their *Anders* brief, counsel consider disputing the sufficiency of the evidence but suggest that the trial produced overwhelming evidence of the fraud that the Rennickes perpetrated to receive government disability benefits. We agree. Several employees of the affected government agencies testified to statements that both David and Crystal Rennicke made during medical exams and interviews, as well as in applications they completed and mailed, about David Rennicke's inability to walk. Other agents testified to separate claims Crystal Rennicke made that she could not walk. Eyewitnesses, including a social security employee, a car salesman, and an investigator for the Department of Veterans Affairs, all recounted seeing both David and Crystal Rennicke on separate occasions walking unassisted without the use of a wheelchair. The investigator even videotaped David Rennicke doing intensive yard work. With this overwhelming evidence of guilt, an argument that no rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt would be frivolous. *See United States v. Gardner*, 238 F.3d 878, 879 (7th Cir. 2001) (standard for sufficiency of the evidence).

Counsel for Crystal Rennicke next contemplates whether she could argue that the district court abused its discretion in denying her motion to be tried separately. But counsel correctly recognizes that Crystal Rennicke would not be able to show actual prejudice that deprived her of her right to a fair trial. *See United States v. Souffront*, 338 F.3d 809, 828 (7th Cir. 2003). None of David Rennicke's post-arrest statements implicating his wife were admitted at trial. Instead, only pre-arrest statements made in furtherance of the Rennickes' conspiracy were admitted, and this would have been permissible as nonhearsay regardless whether the trials had been severed. *See United States v. Handlin*, 366 F.3d 584, 591 (7th Cir. 2004) (because coconspirators' statements could have been introduced as nonhearsay in separate trials, no prejudice from failure to sever). In any event, Crystal Rennicke did not renew her motion to sever at the close of evidence, so she would have waived the argument. *See United States v. Rollins*, 301 F.3d 511, 518 (7th Cir. 2002). The argument would be frivolous.

In addition, counsel contemplate challenging the Rennickes' sentences under *Booker* but conclude that the district court was "constrained only by the applicable statutory sentencing range," which the Rennickes received. We agree with counsel as far as their conclusion that an argument under *Booker* would be frivolous, but our reasoning diverges. The Supreme Court in *Booker* did not return to district courts the complete sentencing discretion that they enjoyed preguidelines; rather, the guidelines "continue to inform the district judges' decisions," and those courts must still consider the factors listed in 18 U.S.C. § 3553(a). *United States v. George*, 403 F.3d 470, 472 (7th Cir. 2005); *see Booker*, 125 S. Ct. at 757. In this case, the district court erred in proceeding as though the guidelines were entirely defunct when sentencing the Rennickes. But, because the court imposed sentences that were three

months less than the minimum term designated by the guidelines, and those guidelines were correctly calculated, any error would be harmless. *See George,* 403 F.3d at 473 (finding harmless error where court failed to consider guidelines but nevertheless imposed sentence lower than guideline range). Relying on the government's intended-loss calculation rather than the probation officer's calculation of actual loss, the district court properly increased the Rennickes' sentences based on an intended future loss of $2.5 million under the assumption that they would not have discontinued their scheme until caught. *See* U.S.S.G. § 2B1.1 cmt. n. 3 (loss is greater of actual loss or intended loss). Although the probation officer did not rely on the amount of the intended loss for fear that it was too speculative, we have upheld a similar intended loss calculation where the defendants ended the scheme only because they were caught. *See United States v. Rettenberger*, 344 F.3d 702, 708-09 (7th Cir. 2003). Likewise the court's "sophisticated means" adjustment under U.S.S.G. § 2B1.1(b)(8)(C) is also supported by the similar facts of *Rettenberger* and its application there. *See id.*

The court then lawfully imposed partial consecutive sentences beyond the five-year statutory maximum for the conspiracy offenses, *see* 18 U.S.C. § 371, in order to reach the resulting guideline range of 63 to 78 months for each defendant. Courts may choose to impose consecutive sentences to the extent necessary to reach the guideline range in accordance with U.S.S.G. § 5G1.2(d). *See United States v. Noble*, 299 F.3d 907, 909 (7th Cir. 2002) (imposing consecutive sentences above statutory maximum to reach guideline range under § 5G1.2(d) is lawful). Because the Rennickes were each convicted of multiple counts, allowing consecutive sentences, the district court correctly considered the range to be 63 to 78 months for each defendant when deciding to depart downward three months when imposing 60-month sentences. And, based on this downward departure from a properly calculated sentence, no principled argument could be made that the Rennickes' sentences were unreasonable even though the district court acted as if it retained its preguidelines discretion. *See George,* 473 F.3d at 473 (where guidelines range is properly calculated, "[i]t is hard to conceive of below-range sentences that would be unreasonably high"); *see also Booker*, 125 S. Ct. at 765-66 (appellate courts should review sentences for reasonableness).

Finally, counsel consider a potential argument based on ineffective assistance of trial counsel for failing to convince the jury that the Rennickes were not guilty. But, as counsel recognize, claims about trial counsel's ineffectiveness are better saved for collateral review where the record is directed toward examining the reasons underlying counsel's choices and tactics. *See United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003).

We therefore grant counsel's motions to withdraw and dismiss both appeals.