**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

September 23, 2005

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

Nos. 03-2296 & 03-2383–86

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     *Plaintiff-Appellee,* <br><br>     v. <br><br> ROBERT D. PALADINO, et al., <br>     *Defendants-Appellants.* | Appeals from the United States <br> District Court for the Northern <br> District of Illinois, Eastern Division <br><br> No. 01 CR 852 <br><br> William T. Hart, <br> *Judge.* |

**O R D E R**

We ordered a limited remand to ask whether the district judge, had he known the sentencing guidelines were advisory, would have imposed the same sentence on Robert Paladino, Daniel Benson, Monica Iles, Randall Law, and Frank Peitz.  *See United States v. Booker*, 125 S. Ct. 738 (2005); *United States v. Paladino*, 401 F.3d 471, 484 (7th Cir. 2005).  The judge answered that he would have imposed the "same total sentences of incarceration."  He went on to explain, however, that at sentencing he erroneously assumed a 30-year statutory maximum for the wire fraud counts on which each defendant was convicted, *see* 18 U.S.C. § 1343.  Since the crimes did not affect a financial institution and took place before the statute was amended in 2002, the correct maximum in each case was five years.  *See id.*; *United States v. Baldwin*, 414 F.3d 791, 794 (7th Cir. 2005).  Yet the judge imposed on each

defendant eight concurrent terms exceeding five years for these counts.  As the court now realizes, it should have structured the defendants' overall punishment by imposing five-year terms and making the sentences partially consecutive to achieve the same bottom line.  *See* U.S.S.G. § 5G1.2(d); *Baldwin*, 414 F.3d at 794, 797; *United States v. Noble*, 299 F.3d 907, 909 (7th Cir. 2002).  Furthermore, incorrectly applying the 30-year maximum also resulted in excessively long terms of supervised release for each defendant but Iles.  Iles got three years' supervised release, the maximum; the others got five, two years longer than the maximum.  *See* 18 U.S.C. §§ 3559(a)(4), 3583(b)(2); U.S.S.G. § 5D1.2(a)(2).  The judge explains in his response to our limited remand that he would fix these mistakes if we remanded for him to do so.

We invited the parties to respond, but only the government, Paladino, and Iles did.  For its part the government concedes that the sentences are illegal, yet it asks that we affirm all but Peitz's because he alone raised the issue of the statutory maximum on appeal.  Waiver, however, is circumscribed in the case of a sentence above the statutory maximum.  *United States v. Bownes*, 405 F.3d 634, 637 (7th Cir. 2005) (citing cases).  And the error in such a case is plain.  *United States v. Gibson*, 356 F.3d 761, 766–67 (7th Cir. 2004).  In any event, we will not affirm sentences unless they are reasonable, *Paladino*, 401 F.3d at 484, and cannot conclude that these illegal sentences meet that standard.  What's more, there is no economy in affirming now only to have these sentences immediately challenged under 28 U.S.C. § 2255.

Therefore, we VACATE each defendant's sentence in appeal numbers 03-2296, 03-2383, 03-2384, 03-2385, and 03-2386 and REMAND so that each sentencing "package" can be properly structured and the terms of supervised release corrected.   *See Noble*, 299 F.3d at 910.  Nonetheless, it's worth noting that once the mistakes are fixed on remand, the overall sentencing package in each case would be presumptively reasonable since each was properly calculated under the guidelines.  *See United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005).  The defendants have offered nothing to rebut that presumption.