NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 20, 2007[*]
Decided March 21, 2007

**Before**

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-3333

| | |
|---|---|
| ALFRED W. HONG,<br>*Petitioner-Appellant,*<br><br>*v.*<br><br>GREGORY C. SIMS,<br>*Respondent-Appellee.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 03-C-9265<br><br>Blanche M. Manning,<br>*Judge.* |

### ORDER

A jury in Illinois convicted Alfred Hong of two Class X felonies, home invasion, 720 ILCS § 5/12-11(a), (c), and attempted murder, *id.* § 5/8-4(a), (c), after he broke into the home of Gym and Rose Yee, attacked Rose with a razor, and held a pillow over her face. At sentencing the judge applied a statute requiring consecutive terms for multiple convictions if any one of them is a Class X felony and

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

the defendant "inflicted severe bodily injury." *See* 730 ILCS § 5/5-8-4(a)(i). The judge found that Hong inflicted severe bodily injury on Rose—one of the razor cuts penetrated her arm nearly to the bone, causing potentially life-threatening blood loss—and sentenced him to consecutive terms of 8 years for the home invasion and 14 years for the attempted murder. Hong later sought postconviction relief from the state courts on the premise that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), requires the jury, not the judge, to make the finding of "severe bodily injury" before consecutive sentences can be mandatory. The state courts rejected this argument, as did the district court when Hong repeated it in this action under 28 U.S.C. § 2254. Hong appeals the district court's ruling, and we affirm.

*Apprendi* holds that facts other than prior convictions must be proved to a jury beyond a reasonable doubt before they can be used to increase the punishment for a crime "beyond the prescribed statutory maximum." 530 U.S. at 490. The state appellate court—the last Illinois court to reach the merits of Hong's claim—cited two decisions from the state supreme court in holding that *Apprendi* does not apply to consecutive sentencing. *See People v. Carney*, 752 N.E.2d 1137, 1147 (Ill. 2001); *People v. Wagener*, 752 N.E.2d 430, 441 (Ill. 2001). Under the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996), that decision is entitled to deference from the federal courts unless it is "contrary to, or involved an unreasonable application of clearly established federal law," 28 U.S.C. § 2254(d)(1); *see Lamon v. Boatwright*, 467 F.3d 1097, 1100-01 (7th Cir. 2006). Clearly established federal law for purposes of § 2254 consists of "the holdings, as opposed to the dicta," of the Supreme Court "at the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

Hong is free to base an argument on *Apprendi* because the case was decided while his convictions were on direct appeal. *See Jones v. Hulick*, 449 F.3d 784, 790 (7th Cir. 2006). But the Supreme Court has never held that *Apprendi* applies to factual findings used to impose consecutive sentences. Indeed, we and several other circuits have held that, so long as the sentence for each individual count does not exceed its statutory maximum, a judge may impose consecutive sentences based on a fact not found by the jury. *See United States v. Hicks*, 389 F.3d 514, 531-32 (5th Cir. 2004); *United States v. Pressley*, 345 F.3d 1205, 1213 (11th Cir. 2003); *United States v. Hollingsworth*, 298 F.3d 700, 702 (8th Cir. 2002); *United States v. Noble*, 299 F.3d 907, 909-10 (7th Cir. 2002); *United States v. White*, 240 F.3d 127, 135 (2d Cir. 2001). Home invasion and attempted murder both carry a statutory maximum of 30 years' imprisonment. 720 ILCS §§ 5/8-4(c)(1), 5/12-11(c); 730 ILCS 5/5-8-1(a)(3). Because Hong's sentence for each offense is well under that maximum, the decision of the Illinois appellate court was neither contrary to nor an unreasonable application of *Apprendi*.

For the sake of completeness, we add that Hong gains nothing by citing to *Blakely v. Washington*, 542 U.S. 296 (2004). The Supreme Court decided *Blakely* more than three years after Hong's convictions became final, and thus, unless *Blakely* applies retroactively, we may not even consider its application to Hong's claim. *See Muth v. Frank*, 412 F.3d 808, 816 (7th Cir. 2005). It remains an open question whether *Blakely* applies retroactively on collateral review, *see Burton v. Stewart*, 127 S.Ct. 793, 794 (2007), but Hong could not benefit even if it does. *Blakely* did not apply the *Apprendi* rule to consecutive sentencing decisions; instead, the case holds that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." 542 U.S. at 303 (emphasis omitted). Here, the jury's verdict authorized a sentence of up to 30 years on each count without any additional findings by the judge. Thus, even if *Blakely* applied to this case, there is no *Blakely* violation. *See id.*

AFFIRMED.