**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 26, 2009[*]
Decided May 29, 2009

*Before*

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-4622

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 01 CR 852-6 |
| MONICA M. ILES, | |
| *Defendant-Appellant.* | William T. Hart, *Judge.* |

**O R D E R**

Despite a complex procedural history, *see United States v. Paladino*, 401 F.3d 471, 474-85 (7th Cir. 2005); *United States v. Paladino*, 143 Fed. App'x 716, 717 (7th Cir. 2005), Monica Iles's latest appeal is an uncomplicated affair. Her pro se arguments are familiar, and we affirm.

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

Given our earlier decisions, *see Paladino*, 401 F.3d at 474-85; *Paladino*, 143 Fed. App'x at 717, we need not revisit Iles's history in much detail. In 2003 she was convicted of eight counts of wire fraud, *see* 18 U.S.C. § 1343, and the district court imposed concurrent sentences of 78 months' imprisonment. Iles appealed, along with her codefendants. Though their convictions were sound, we ordered a limited remand to determine whether the district court judge would have imposed different sentences had he known the guidelines were advisory. *Paladino*, 401 F.3d at 484-85. The answer to that question was no, but the court acknowledged in its response that "[s]eparate from the *'Booker'* issue . . . an incorrect [30-year] statutory maximum was used when imposing sentences on individual counts." We agreed that the correct maximum in each case was five years given that "the crimes did not affect a financial institution and took place before the statute was amended in 2002." *Paladino*, 143 Fed. App'x at 717. The district court, we wrote, "should have structured the defendants' overall punishment by imposing five-year terms and making the sentences partially consecutive to achieve the same bottom line." *Id.* And with that we vacated each defendant's sentence and remanded "so that each sentencing 'package' can be properly structured and the terms of supervised release corrected." *Id.*

As expected, on remand the district court sentenced Iles to concurrent terms of 60 months on the first seven counts and 18 months—to be served consecutively—on the eighth count. Iles now contends that the district court treated the guidelines as mandatory; that she was unlawfully sentenced above the statutory maximum; that her Sixth Amendment rights were violated when the court imposed a sentence based on facts not established by a guilty plea or proven to a jury; and that her latest sentencing hearing was procedurally inadequate.

The first of those assertions is untenable. The whole reason for our limited remand—the first of its kind—was to pose the *Booker* question, and the court appreciated that the guidelines are now advisory. As for the second argument, Iles misunderstands statutory maxima. She was subject to a sixty-month ceiling *on each count*; her total sentence would have to exceed 480 months to run afoul of the statute. *See* 18 U.S.C. § 1343 (2000); U.S.S.G. § 5G1.2(d); *United States v. Spells*, 537 F.3d 743, 754-55 (7th Cir. 2008); *United States v. Thompson*, 523 F.3d 806, 814 (7th Cir. 2008).

Iles's Sixth Amendment argument is fruitless as well. She asserts that only the jury could properly assess the amount of loss stemming from the fraud. In the same vein Iles proposes that the district court was not authorized to find, at sentencing, that she had violated an SEC administrative order because that too, according to Iles, is the exclusive province of the jury. *See* U.S.S.G. § 2F1.1(b)(3)(B) (1997). But to repeat, "*Booker* clearly permits a district court to grant a sentencing enhancement based on facts not charged in the

indictment, not proven to a jury beyond a reasonable doubt or not admitted by the defendant." *United States v. Owens*, 441 F.3d 486, 490 (7th Cir. 2006). *See also United States v. Robinson*, 435 F.3d 699, 701-02 (7th Cir. 2006).

That leaves Iles's dissatisfaction with her latest sentencing hearing, which she insists was procedurally inadequate—her term is "truncated"—in violation of 18 U.S.C. § 3553(a) and 18 U.S.C. § 3742(g). We disagree. The district court conducted an extensive inquiry and articulated various reasons why 78 months' imprisonment was (still) an appropriate sentence. Iles was present via video conference and addressed the court, although she tells us otherwise in her brief. True enough, the probation office did not draw up a fresh presentence investigation report, as she would have liked. But none was required given the nature of our remand. *See United States v. Sexton*, 512 F.3d 326, 332-33 (6th Cir. 2008); *United States v. Parker*, 101 F.3d 527, 528 (7th Cir. 1996).

AFFIRMED.