**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Matthew L. WYSS, Defendant–Appellant.**

**No. 97–4221.**

United States Court of Appeals, Seventh Circuit.

Argued June 9, 1998.

Decided June 25, 1998.

Rehearing Denied July 21, 1998.

Stephen P. Sinnott (argued), Office of the United States Attorney, Criminal Division, Chicago, IL, Peggy A. Lautenschlager, Office of the United States Attorney, Madison, WI, for Plaintiff–Appellee.

Brian W. Blanchard (argued), Quarles & Brady, Madison, WI, for Defendant–Appellant.

Before POSNER, Chief Judge, and CUDAHY and ESCHBACH, Circuit Judges.

POSNER, Chief Judge.

■ The defendant was convicted of possession of marijuana with intent to distribute it, in violation of 21 U.S.C. § 841(a), and of other crimes that are, however, irrelevant to this appeal, and received a long prison sentence. The only nonfrivolous issue presented by his appeal is whether the purchase of cocaine for his personal consumption, rather than for sale, should have been counted as conduct relevant to the marijuana conviction and therefore used to enhance his sentence. As the government points out, it is not entirely clear that the district judge did count that cocaine; for the defendant also purchased cocaine for resale, and he does not argue that those purchases should not have been counted as relevant conduct. But if the judge should not have counted the purchase for the defendant's personal use, then the defendant is entitled to a remand for the purpose of clarifying the basis of the sentence.

To count as relevant conduct under the federal sentencing guidelines, a drug offense (and the purchase of cocaine for personal consumption *is* a drug offense, 21 U.S.C. § 844) must be part of the same course of conduct, or common scheme or plan, as the offense of conviction. U.S.S.G. § 1B1.3(a)(2). It can be that only if it is part of the same group of offenses for sentencing purposes. *Id.* Possession of illegal drugs for personal use cannot be grouped with other offenses. § 3D1.2(d); see § 2D2.1. It was therefore improper for the judge to take account of the defendant's possession of cocaine for personal use (if that is what she did) in sentencing him for possession with intent to distribute. *United States v. Kipp,* 10 F.3d 1463, 1465–66 (9th Cir.1993).

This result, compelled by the language of the guidelines, is also supported by common sense. Imagine two cases, each involving the purchase of 1 kg. of cocaine. In the first case, the defendant intends to sell all of it; in the second, he intends to sell only half and consume the rest. On the government's view, the defendants in the two cases should be punished with equal severity. Yet it is apparent that the first defendant is the more dangerous criminal. Suppose, to make the contrast even sharper, that the second defendant intends to sell only one gram of the cocaine and consume the rest himself. Again, under the government's view he should be punished as heavily as the first defendant, even though he is selling only one-tenth of one percent as much cocaine. The government argues that our defendant financed his cocaine habit by the sale of marijuana. No doubt this is true; but we have difficulty seeing how this made the sale of the marijuana a more dangerous crime than if he had used the proceeds of that sale to buy something other than cocaine for his personal use. Maybe the idea is that by using the proceeds of the marijuana sale to buy (albeit for personal use) another illegal drug, the defendant was increasing the demand for illegal drugs and so indirectly their supply, thus magnifying the evil consequences of the marijuana sale; but this is a tenuous connection and anyway not argued.

The case would be different, as we noted in *United States v. Snook,* 60 F.3d 394 (7th Cir.1995), if the charge were conspiracy rather than possession. See also *Precin v. United States,* 23 F.3d 1215, 1219 (7th Cir.1994); *United States v. Antonietti,* 86 F.3d 206, 209 (11th Cir.1996); *United States v. Fregoso,* 60 F.3d 1314, 1328 (8th Cir.1995); *United States v. Innamorati,* 996 F.2d 456, 492 (1st Cir. 1993). (In rejecting *Kipp,* the Eleventh Circuit in the *Antonietti* case overlooked this distinction. See 86 F.3d at 209–10.) Suppose that X sells Y a kilogram of cocaine in circumstances that make Y a conspirator with X and not merely a buyer from him. The amount of drugs involved in the conspiracy is unaffected by the use that Y makes of the drugs. It makes no difference whether he sells the entire amount and buys drugs for his personal consumption on the open market with the proceeds or keeps a portion of the drugs to consume personally as compensation for his participation in the conspiracy. But the defendant in our case was not convicted of conspiracy and the judge made no finding that, convicted or not, he was a participant in a conspiracy.

When, as in this case, a defendant is sentenced on the basis of uncharged drug-related misconduct, the burden is on the government to prove the amount of drugs involved in that conduct. E.g., *United States v. Acosta*, 85 F.3d 275, 279 (7th Cir.1996). Maybe, when the defendant buys drugs both for his own consumption and for resale, he has some burden of producing evidence concerning the amount that he consumed—he cannot just say to the government, "I'm an addict, so prove how much of the cocaine that I bought I kept for my own use rather than to resell." This we need not decide. Wyss testified that he consumed at least half the cocaine that he bought, and there is no contrary evidence. In these circumstances, we do not think that the district judge on remand should be permitted to determine that more than half the cocaine was relevant to the offense for which he was convicted. The government was entitled to only one opportunity to present evidence on the issue. *United States v. Wilson*, 131 F.3d 1250, 1253–54 (7th Cir.1997); *United States v. Parker*, 101 F.3d 527, 528 (7th Cir.1996); *United States v. Leonzo*, 50 F.3d 1086, 1088 (D.C.Cir.1995).

The judgment is vacated and the case remanded for resentencing consistent with this opinion.

VACATED and REMANDED.