**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                          No. 01-4860

MICHAEL SCOTT CASH,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Margaret B. Seymour, District Judge.
(CR-99-266)

Submitted: April 30, 2002

Decided: April 30, 2003

Before MICHAEL, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Randall Scott Hiller, RANDALL S. HILLER, P.A., Greenville, South
Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attor-
ney, Isaac Johnson, Jr., Assistant United States Attorney, Greenville,
South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

## OPINION

PER CURIAM:

Michael Scott Cash appeals the district court's imposition of a 151 month term of imprisonment following his plea to one count of conspiracy to possess with intent to distribute methamphetamine on April 8-9, 1999 and one count of possession with intent to distribute methamphetamine in violation of 18 U.S.C.A. §§ 841, 846 (West Supp. 2002). We affirm.

Cash first claims the district court erred in increasing his base offense level for relevant conduct by attributing drug quantities to Cash equivalent to the sum of $10,000. Shortly after Cash posted bond following his arrest, he asked a Drug Enforcement Agency agent if they discovered $10,000 hidden in a light fixture in his bathroom. The agent testified that when Cash heard they had not discovered the money, Cash stated that the $10,000 was the entire amount of his drug proceeds for the sale of methamphetamine. Cash, however, maintains he told the agent the $10,000 was the entire amount of money he made selling cars. Cash also claims the court erred in increasing his base offense level in accordance with its relevant conduct finding that six packages containing several ounces of methamphetamine Cash admitted he received in the past were attributable to him at three ounces per package. In making its determination, the court relied upon and adopted the findings in the pre-sentence report (PSR).

The Government bears the burden of proving by a preponderance of the evidence the quantity of drugs for which a defendant should be held accountable at sentencing. *See United States v. Gilliam*, 987 F.2d 1009, 1013 (4th Cir. 1993). Under *Gilliam*, this can be established in several ways, including when a defendant fails to properly object to a recommended finding in a PSR that the court determines to be reliable. *See id.* A mere objection to the finding is insufficient. *See United States v. Terry*, 916 F.2d 157, 162 (4th Cir. 1990). Instead, a defendant must show "that the information is unreliable, and articulate the reasons why the facts . . . are untrue or inaccurate." *See id.*

We hold Cash has failed to meet this standard. Other than his own contrary assertion, he has provided no evidence that the agent's testi-

mony that Cash stated the $10,000 was drug proceeds was unreliable. Moreover, the court did not err in crediting the agent's version as more reliable than Cash's statement, given the uncontested fact that drugs and $6,700 in drug proceeds were discovered in Cash's home following his arrest. Those discoveries lend further reason to believe any other large amount of money hidden in the home was also drug proceeds. Thus, the district court had ample reason to adopt the findings of the PSR regarding Cash's statement concerning his acquisition of $10,000. We also find Cash's alternative argument that the $6,700 in drug proceeds actually discovered should be considered part of the hidden $10,000 to be without merit.

Further, the district court properly adopted the PSR's findings regarding the weight of six packages of methamphetamine. The PSR calculated the weight of the six packages at three ounces each based on Cash's statement that each package contained "several ounces" of methamphetamine. The PSR also noted that the package seized from his home contained eight ounces of methamphetamine. However, the calculations in the PSR were based on the least damaging interpretation of "several ounces," attributing only three ounces per package to Cash. Thus, Cash has no cause to complain about the PSR's calculation of the weight of the methamphetamine in the packages and the district court's reliance thereupon. Further, the district court properly took Cash's admission at face value and relied upon it to determine that Cash, in fact, received at least six packages of methamphetamine. No further proof is needed to establish beyond a preponderance of the evidence, for sentencing purposes, that Cash received six packages of methamphetamine. Cash never recanted or qualified this statement, and the court reasonably held Cash accountable for his admission.

Finally, Cash maintains that even if the court properly considered his admission that he received six packages, the packages of methamphetamine were for his own personal use and therefore cannot be aggregated for purposes of determining his relevant conduct. *See, e.g.*, *United States v. Wyss*, 147 F.3d 631, 632-33 (7th Cir. 1998) (holding drugs purchased for personal use should not be included as relevant conduct when conviction is for distribution of controlled substance); *United States v. Kipp*, 10 F.3d 1463, 1465-66 (9th Cir. 1993) (same).

The district court's determination of the drug quantity attributable to a defendant is a factual finding reviewed for clear error. *See United*

*States v. Randall*, 171 F.3d 195, 210 (4th Cir. 1999). The district court could reasonably infer that the total drug quantity attributable to Cash was inconsistent with personal use. *See United States v. Fisher*, 912 F.2d 728, 730 (4th Cir. 1990). Moreover, the residence contained drug paraphernalia used for cutting drugs for distribution, and the large amounts of cash found and the frequency with which Cash had methamphetamine shipped to him are both indicative of drug distribution.

Accordingly, we find meritless the issues raised by counsel on Cash's behalf and by Cash himself in a pro se supplemental brief. We thus affirm the judgment of the district court. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*