# In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 03-2088

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

JOHN H. NOBLE,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 99 CR 6—**Barbara B. Crabb**, *Chief Judge.*

_____

ARGUED MARCH 31, 2004—DECIDED MAY 4, 2004

_____


Before BAUER, POSNER, and WILLIAMS, *Circuit Judges.*

BAUER, *Circuit Judge.* This is the third appeal dealing with John Noble's sentence. In the first, we vacated his 30-year sentence for possession of cocaine with intent to distribute based on the principles of *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *see also United States v. Noble*, 246 F.3d 946 (7th Cir. 2001) (*Noble I*). On remand, the district court reduced his sentence on that count but increased the sentence of another, and ordered them to run consecutively, which again left Noble with the same 30-year sentence. On his second appeal, Noble argued that the imposition of consecutive sentences was an *Apprendi*

violation and that there was no reliable evidence supporting the district court's decision to attribute an additional 65 ounces of cocaine to Noble's relevant conduct calculation. We held that there was no *Apprendi* violation, but that the evidence supporting the amount of the cocaine was not reliable. *See United States v. Noble*, 299 F.3d 907 (7th Cir. 2002) (*Noble II*). At the second re-sentencing, the district court allowed the government to re-call witness Steven Jobe to testify—in a second attempt to support the inclusion of the 65 ounces of cocaine in Noble's relevant conduct calculation. Still unable to support the 65 additional ounces of cocaine (equal to 351 kilograms), the government used Jobe's testimony to support a new, lower estimate of 300 kilograms (the Jobe Quantity), which was added to Noble's relevant conduct calculation. The district court then re-sentenced Noble to 315 months (26.25 years) in prison. Noble now appeals this sentence.

## DISCUSSION

Noble argues that the district court improperly allowed the government to introduce new evidence at the second re-sentencing hearing because that constituted a second opportunity to carry its burden of proof. We agree with Noble.

The district court's decision to allow the government to present new evidence at the remanded sentencing hearing presents a question of law, which we generally review de novo. *United States v. Sumner*, 325 F.3d 884, 888 (7th Cir. 2003). When a defendant such as Noble is sentenced on the basis of uncharged drug-related misconduct, the burden is on the government to prove the amount of drugs involved in that conduct. *E.g.*, *United States v. Acosta*, 85 F.3d 275, 279 (7th Cir. 1996). If the government failed to meet its burden, the government is not permitted on remand to try again and submit new evidence in a belated effort to carry its

burden. *See United States v. Wyss*, 147 F.3d 631, 633 (7th Cir. 1998) ("[t]he government [i]s entitled to only one opportunity to present evidence on the issue"); *United States v. Wilson*, 131 F.3d 1250, 1253-54 (7th Cir. 1997).

In this case, it was the government's burden to present sufficiently reliable evidence to support the Jobe Quantity. The government knew what it was required to introduce to meet its burden, and we found that the government failed to do so. *See Noble II*, 299 F.3d at 910-11. Nonetheless, following the second remand, the district court allowed the government a second opportunity to meet the burden that it failed to carry at the original sentencing hearing. This the law does not allow.

We remand for the district court to impose a sentence that is not based on the additional testimony taken after *Noble II* and not based on the evidence we concluded was unreliable.

REVERSED AND REMANDED WITH DIRECTIONS.

A true Copy:

Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*