# In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 03-3078

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

ELIZABETH R. ROACH,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 00 CR 411—**Matthew F. Kennelly**, *Judge.*

_____

SUBMITTED JANUARY 9, 2004[*]—DECIDED JUNE 24, 2004

_____

Before POSNER, EVANS, and WILLIAMS, *Circuit Judges.*

WILLIAMS, *Circuit Judge.* In this successive appeal we consider for the second time the propriety of Elizabeth R. Roach's sentence for her conviction for wire fraud. Roach contends that our remand order vacating the district court's sentence permitted the court to consider additional evidence

_____

[*] We have concluded, after an examination of the briefs and the record, that oral argument is unnecessary. The appeal is, therefore, submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

regarding the vacated downward departure for diminished capacity. Therefore, she reasons, the district court erred at the resentencing hearing when it did not allow expert testimony regarding her state of mind at the time she committed the charged offense. We disagree. For the reasons stated below, we affirm.

## I.  BACKGROUND

We assume familiarity with the general facts of this case as set forth in *United States v. Roach*, 296 F.3d 565 (7th Cir. 2002) (*Roach I*). We will repeat only those facts pertinent to this appeal. Roach pled guilty to wire fraud in violation of 18 U.S.C. § 1343, for knowingly executing a scheme to defraud her employer of more than $240,000. The scheme involved padding her expenses, submitting false expense reports, requesting reimbursement for conferences that she registered for but did not attend, resubmitting expense reports that were already paid, and falsely labeling personal expenses as business expenses. She used the embezzled funds to repay credit card debts that she accrued from excessive purchases of jewelry and clothes.

In *Roach I*, the district court concluded, and we agreed, that Roach suffers from chronic depression and turned to what her doctors described as compulsive shopping to relieve that depression. Her actions caused enormous strain on her marriage as she consistently engaged in behavior to hide her shopping binges from her husband. For years, she underwent psychiatric therapy for her depression and shopping disorder.

### A.   The Original Sentence and First Appeal

At Roach's original sentencing hearing, the district court granted her motion for a downward departure based on

diminished capacity pursuant to U.S.S.G. § 5K2.13.[1] As explained in detail in *Roach I*, absent the downward departure, Roach would have been required to serve a minimum of 12 months in prison. *See Roach I*, 296 F.3d at 567. The court sentenced Roach to five years of probation, six weeks of work release at the Salvation Army Center, six weeks of home confinement with weekend electronic monitoring, and prohibited her from obtaining credit cards without the court's prior permission.

On appeal in *Roach I*, 296 F.3d at 571, we held that the record lacked sufficient evidence to conclude that Roach suffered from a significantly impaired mental capacity when she committed the offense. Accordingly, we found that the district court abused its discretion in granting the downward departure and we remanded her case for resentencing consistent with our ruling. *Id.* at 573.

B. The Resentencing

The district court, over the government's objections, granted Roach's motion for leave to file a renewed motion for downward departure. Roach intended to use expert witnesses to prove that her mental capacity was significantly impaired at the time she committed the offense. Prior to the admission of any evidence, the government filed a motion to reconsider based on supplemental authority, in light of *United States v. Sumner*, 325 F.3d 884 (7th Cir. 2003). In granting the government's motion, Judge Kennelly opined that under *Sumner*:

---

[1] Section 5K2.13 provides in pertinent part: "A sentence below the applicable guideline range may be warranted if (1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense."

> if a sentencing factor or departure motion is fully litigated in the district court, and the district court's ruling is reversed due to insufficiency of the evidence supporting the ruling, then the party bearing the burden of proof is not entitled to an opportunity to correct the defect on remand, absent a showing of special circumstances justifying such an opportunity.

Mem. Op. & Order at 7. After granting the government's motion, the district court sentenced Roach, without the downward departure, to 12 months and one day of imprisonment. Roach appeals, arguing that the district court should have allowed her to supplement the record with additional evidence regarding her mental capacity.

## II.  DISCUSSION

Roach's contention that the district court erred in not fully revisiting the issue of her mental capacity at the time she committed her offense is a question of law that we review de novo. *United States v. Husband*, 312 F.3d 247, 251 (7th Cir. 2002).

Roach's insistence that our remand order subjected her resentencing to a "clean slate," and, therefore, a rehearing on her request for a downward departure, is incorrect. The "clean slate" analogy, like the parallel "unbundling of the sentencing package" analogy, refers to a district court's ability to restructure sentences after part or all of the sentence is severed or vacated. *See United States v. Polland*, 56 F.3d 776, 778-79 (7th Cir. 1995) (vacating a sentence results in a "clean slate" for the district court to resentence); *United States v. Noble*, 299 F.3d 907, 910 (7th Cir. 2002) (*Noble II*) ("[I]t is settled that after the appellate court vacates the sentence on a particular count, the district court on remand may adjust the entire sentencing 'package.'"). These concepts allow a district court to effectuate its orig-

inal sentencing intent, *see United States v. Binford*, 108 F.3d 723, 728-29 (7th Cir. 1997), but they do not permit the district court to reopen fully heard issues anew. We articulated this limit in *United States v. Wyss*, 147 F.3d 631 (7th Cir. 1998), where we precluded the government from presenting additional evidence on an enhancement during the resentencing hearing, stating: "The government was entitled to only one opportunity to present evidence on the issue." *Id.* at 633; *see also United States v. Noble*, No. 03-2088, 2004 WL 943541, at *1 (7th Cir. May 4, 2004) (*Noble III*) (holding that "the government is not permitted on remand to try again and submit new evidence in a belated effort to carry its burden."); *United States v. Leonzo*, 50 F.3d 1086, 1088 (D.C. Cir. 1995) (holding that the government should not get a "second bite at the apple" after remand, as the government bore the burdens of production and persuasion). *But see United States v. Matthews*, 278 F.3d 880, 889 (9th Cir. 2002) (en banc) (holding that a district court can generally consider additional evidence for remanded sentencing guidelines issues). We clarified in *Sumner*, 325 F.3d at 888, however, that this limit is not absolute, as there is a "difference between an issue that was fully explored at the initial sentencing hearing and one that received no attention, but was nonetheless reviewed on appeal under the plain error standard." In the latter case it may be appropriate to admit additional evidence, whereas if an issue has been fully explored, the party bearing the burden of proof should be precluded from presenting additional evidence. *See id.* at 889.

Here, the district court rightly declined to allow Roach to supplement the record at her resentencing, as Roach's mental capacity was fully explored at her initial sentencing hearing. In fact, the record demonstrates both that the government objected to the application of the downward departure and that Roach presented evidence in support of her contention that she was significantly impaired at the

time she committed the offense. Indeed, Roach submitted three doctors' statements, her binge shopping history, and the activities surrounding those binges in her attempt to persuade the court that she qualified for the downward departure. In *Wyss* and *Noble III*, we held that the government fully explored the sentencing enhancement issue after submitting testimony to prove drug quantity. *Wyss*, 147 F.3d at 633 (presenting defendant's testimony); *Noble III*, 2004 WL 943541, at *1 (presenting government witness's testimony). And, just as in those cases, we find that Roach was not entitled to a second bite at the apple on remand.

Although this is our first application of the *Wyss* rule to defendants, Roach, correctly, does not argue that the rule should apply to the government but not to defendants. Just as the government has the burden when seeking a sentence enhancement, *United States v. Sienkowski*, 359 F.3d 463, 466 (7th Cir. 2004), Roach had the burden of establishing that she was entitled to a downward departure. *See United States v. Chavez-Chavez*, 213 F.3d 420, 422 (7th Cir. 2000) (noting that the defendant bears the burden when seeking a downward departure). When either party fails to meet its burden to prove a guidelines' sentencing departure or enhancement, it cannot use the opportunity of a remand to supplement the record in its favor.

### III. CONCLUSION

For the reasons stated above, the judgment of the district court is AFFIRMED.

A true Copy:

      Teste:

                           _____
                         *Clerk of the United States Court of*
                            *Appeals for the Seventh Circuit*