**UNPUBLISHED ORDER**

Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted November 2, 2005[1]
Decided December 16, 2005

Before

Hon. JOEL M. FLAUM, *Chief Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-3201

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

    *v.*

LAWRENCE L. OLSON,
        *Defendant-Appellant.*

Appeal from the United States District
Court for the Western District
of Wisconsin.

No. 03-CR-051-S

John C. Shabaz,
*Judge.*

**ORDER**

In this successive appeal, Lawrence Olson contends that the district court erred in increasing his criminal history score one point for a 1995 state drug conviction. Specifically, Olson argues that the conduct underlying the conviction was possession of marijuana with intent to distribute, which constitutes relevant conduct for sentencing purposes and, therefore, cannot be used to increase his

---

[1]  This successive appeal has been submitted to the panel that decided the original appeal. *See* Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

criminal history score. Because the district court did not clearly err in its factual findings, we affirm Olson's sentence.

## I. Background

We assume the reader has some familiarity with the general facts of this case as set forth in *United States v. Olson*, 408 F.3d 366 (7th Cir. 2005). On July 23, 2003, Olson pled guilty to being a felon in possession of a firearm and possession of marijuana with intent to distribute. The district court subsequently sentenced Olson to 87 months in prison. In calculating Olson's criminal history score for the purposes of determining his sentence under the United States Sentencing Guidelines, the district court assessed one criminal history point for Olson's conviction in a Rock County Wisconsin Circuit Court Case (No. 95 CF 304B) ("Rock County") for possession of marijuana.

In the Rock County case, Olson was the lone back-seat passenger in a car that was stopped by police officers in February of 1995. In conducting a search of the vehicle, police officers found a large plastic bag containing six smaller bags of marijuana tucked between the seats in the rear of the car. One of the bags weighed 30.2 grams, two weighed 7.5 grams, and the other three weighed 4.6, 4.7 and 4.8 grams, respectively. The police arrested Olson and transported him to the police station, where one more plastic bag containing 2.3 grams of marijuana fell out of his clothes. The front-seat occupants in the car told the police that the marijuana was Olson's and that they had smoked some of it with Olson while in the car. Olson was ultimately convicted of possession of marijuana.

The district judge used Olson's Rock County conviction to increase his criminal history score by one point. Olson appealed his conviction and sentence, alleging (among other things) that the district court erred in using the Rock County conviction to increase his sentence because Olson conceded in his plea agreement that he had been selling marijuana for the past ten years. Olson therefore argues that the Rock County conviction was relevant conduct which could not be used to increase his criminal history score. Because the district court did not make specific factual findings as to the underlying conduct giving rise to the prior conviction, we vacated Olson's sentence and remanded the case to the district court with instructions to determine whether Olson possessed the drugs involved in the Rock County conviction for his own personal use or with an intent to distribute.

To guide the district court in its determination, we explained:

> When looking to the underlying conduct . . . it is not readily apparent how that conduct should be categorized. On the one hand, Olson possessed a small amount of marijuana (two ounces), suggesting that Olson held the drugs for his personal use. . . . On

> the other hand, the subdivision of those two ounces of marijuana in six smaller baggies might suggest that Olson did intend to distribute the drugs . . . .

*Olson*, 408 F.3d at 374.

On remand, the district court found that Olson had possessed the marijuana for personal use, and, therefore, the Rock County conviction was not relevant conduct for the purposes of calculating Olson's criminal history score.  Accordingly, the district court again added one point to Olson's criminal history score for the Rock County conviction and resentenced Olson to 87 months in prison.

## II. Analysis

Relevant conduct determinations are factual findings that we review with great deference to the district court, reversing only in the case of clear error.  *See United States v. Parra*, 402 F.3d 752, 762-63 (7th Cir. 2005).

Under the Guidelines, a defendant's criminal history score may not include any relevant conduct that is part of the offense of conviction. U.S.S.G. § 4A1.2, cmt. n.3.  To constitute relevant conduct, a drug offense must be part of the same course of conduct or common scheme or plan. *United States v. Wyss*, 147 F.3d 631, 632 (7th Cir. 1998). Possession of illegal drugs for personal consumption cannot be grouped with other offenses. *Id*.

Olson contends that the district court clearly erred in finding that the conduct underlying his Rock County conviction was possession of marijuana for personal use, and, instead, asserts that he possessed the marijuana with an intent to distribute it.  We disagree.

First, Olson argues that "it defies common sense to assert that a two-ounce quantity of marijuana, which has been subdivided into a one ounce bag, two one-fourth ounce bags, and three one-sixth ounce bags, is being held for personal use." Brief of Defendant-Appellant at 11-12, *United States v. Olson*, No. 05-3201 (7th Cir. Sept. 8, 2005).  To the contrary, the district court concluded that the total amount of marijuana (two ounces) was small, and was "an amount likely to be possessed by a chronic marijuana user such as the defendant for his own personal use."  In addition, the district court dismissed the fact that the marijuana was divided into smaller bags because it might have been sold to Olson pre-packaged this way.

Second, Olson asserts that he must have been possessing the marijuana with the intent to distribute it because he "delivered" some of the marijuana to the two front-seat occupants in the vehicle.  However, this argument undercuts Olson's position because, according to the other occupants, Olson was smoking the marijuana with them.  As the district

court noted, because he was smoking marijuana with the occupants of the car, chances are that Olson possessed the marijuana for the purpose of smoking it and not for the purpose of distribution.

Third, Olson contends that a subsequent state drug conviction ("the 1996 conviction") for possession of marijuana with intent to distribute was identical in all relevant aspects to the Rock County conviction. The district court concluded that the 1996 conviction constituted relevant conduct, and because the two state cases were "identical in all relevant aspects," Olson argues that the district court should have concluded that the Rock County conviction also constituted relevant conduct. The government, however, points out at least one significant difference between the two cases: Olson was arrested with approximately twice the amount of marijuana, approximately four ounces, in the 1996 conviction. The district court was within its discretion to find this distinction relevant.

Finally, Olson contends that he must have been intending to distribute the marijuana found in the car because the police discovered a separate, smaller plastic bag containing 2.3 grams of marijuana in Olson's clothes after transporting him to the police station. Olson argues that because this smaller bag was for personal use, the marijuana in the car must have been for distribution. Of course, it is also plausible that Olson had more than 2.3 grams of marijuana in his possession for his personal use. Indeed, the evidence showed that Olson was a chronic marijuana user, and the district court did not clearly err in finding that Olson possessed more than 2.3 grams of marijuana for his own personal use.

To summarize, the district court found that Olson held the marijuana in the car for his personal use. Although Olson has presented a plausible alternative view of the evidence, the district court did not clearly err in finding to the contrary. *See United States v. Martin*, 287 F.3d 609, 616 (7th Cir. 2002) ("Under [the clear error] standard . . . we will reverse only if we have a firm and definite conviction that a mistake has been made"); *United States v. Taylor*, 72 F.3d 533, 546 (7th Cir. 1995) ("[I]f two permissible views exist, the fact-finder's choice between them cannot be clearly erroneous").

### III.  Conclusion

For the foregoing reasons, the judgment of the district court is AFFIRMED.