In the

# United States Court of Appeals

## For the Seventh Circuit

No. 05-4443

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JEREMY D. HAGENOW,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Indiana, South Bend Division.
No. 03 CR 134—**Robert L. Miller, Jr.,** *Chief Judge.*

ARGUED FEBRUARY 13, 2007—DECIDED JUNE 7, 2007

Before CUDAHY, POSNER, and WILLIAMS, *Circuit Judges.*

WILLIAMS, *Circuit Judge.* In this appeal, we consider for the second time Jeremy Hagenow's sentence for his conviction of being a felon in possession of a firearm and ammunition. At the initial sentencing hearing, the government introduced an affidavit attached to an information to demonstrate that Hagenow's prior conviction for criminal confinement was for a "crime of violence" within the meaning of the sentencing enhancement provided in U.S.S.G. § 2K2.1. Subsequent case law made clear that such an affidavit was not an acceptable way of showing that a conviction constituted a crime of violence. At the sentencing hearing on remand, the government introduced instead the plea colloquy transcript from Hagenow's

criminal confinement matter. Because we conclude that the district court properly allowed the government on remand to introduce, for the first time, the plea colloquy transcript in support of its argument that the conviction was for a crime of violence, we affirm.

## I. BACKGROUND

Jeremy Hagenow was charged with unlawfully possessing a firearm and ammunition as a felon, in violation of 18 U.S.C. § 922(g)(1). The district court denied Hagenow's motion to suppress, and the case proceeded to trial. A jury found Hagenow guilty on the indictment's sole count. Hagenow received a sentence of fifty-seven months' imprisonment, and he appealed. We affirmed Hagenow's conviction but remanded for resentencing because the district court: (1) assessed a criminal history point for a prior misdemeanor conviction that should not have been counted, and (2) relied upon an affidavit for probable cause attached to a charging document to determine that Hagenow's prior Indiana conviction for criminal confinement was for a "crime of violence" within the meaning of U.S.S.G. § 2K2.1(a)(4)(A). *United States v. Hagenow*, 423 F.3d 638, 645, 647 (7th Cir. 2005).

A resentencing hearing took place on October 31, 2005. At that hearing, the government for the first time sought to introduce the transcript of the plea colloquy from Hagenow's state court criminal confinement case. Over Hagenow's objection, the district court allowed the government to present this new evidence to demonstrate that Hagenow's prior conviction for criminal confinement constituted a crime of violence under U.S.S.G. § 2K2.1. The district court's consideration of the plea colloquy led it to conclude that the prior conviction was for a crime of violence, and, therefore, that the enhancement in § 2K2.1 applied. The district court then imposed a sen-

tence of 46 months' imprisonment followed by three years of supervised release. Hagenow appeals.

## II. ANALYSIS

The only question before us is whether the district court properly allowed the government to present, at the remanded sentencing hearing, the transcript of a plea colloquy from a prior conviction to show that Hagenow's prior conviction was for a crime of violence within the meaning of U.S.S.G. § 2K2.1. Hagenow does not dispute that if the district court correctly considered the new evidence, the plea colloquy allowed the district court to find that his prior conviction was for a crime of violence. We review a district court's decision to admit new evidence at a remanded sentencing hearing de novo. *United States v. Noble*, 367 F.3d 681, 682 (7th Cir. 2004).

Pursuant to U.S.S.G. § 2K2.1(a)(6), the base offense level for a violation of 18 U.S.C. § 922(g)(1), being a felon in possession of a firearm or ammunition, is generally 14. If, however, the defendant committed the offense after sustaining a felony conviction for a "crime of violence," the base offense level is 20. U.S.S.G. § 2K2.1(a)(4)(A) (2004). A "crime of violence" under this provision includes any offense punishable by more than one year of imprisonment that "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). The government bears the burden of proving by a preponderance of the evidence that the crime of violence enhancement applies. *See United States v. Hines*, 449 F.3d 808, 815 (7th Cir. 2006); *United States v. Ewing*, 129 F.3d 430, 434 (7th Cir. 1997).

At the initial sentencing hearing, the district court considered the Affidavit to Support Probable Cause attached to the information, concluded that it demon-

strated that Hagenow's prior conviction for criminal confinement was for a crime of violence, and imposed the § 2K2.1 enhancement. After that hearing, the Supreme Court held that a court determining the nature of a prior conviction under the Armed Career Criminal Act is generally limited to examining "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 544 U.S. 13, 16 (2005). Relying on *Shepard*, we held in *United States v. Lewis*, 405 F.3d 511 (7th Cir. 2005), that an affidavit attached to an information as part of Indiana practice is not part of the charging document for the purpose of determining whether the charged crime is a crime of violence. 405 F.3d at 515. In light of these decisions, the government agreed that Hagenow's sentence should be vacated and remanded for resentencing, the same procedure we had prescribed in *Lewis*. As a result, we ordered a remand "for resentencing in accordance with *Shepard* and *Lewis*." *Hagenow*, 423 F.3d at 645.

We conclude that the district court did not err when, on remand, it allowed the government to introduce the plea colloquy transcript for the first time. As a general matter, we have been hesitant to allow the government, the party with the burden of proof on a sentencing enhancement, a second opportunity to present evidence in support of that enhancement. *Noble*, 367 F.3d at 682; *United States v. Wyss*, 147 F.3d 631, 633 (7th Cir. 1998); *see also United States v. Roach*, 372 F.3d 907, 909-10 (7th Cir. 2004) (applying same principle to defendants), *vacated on other grounds*, 543 U.S. 1180 (2005). We have rejected, however, the broad proposition that a party may never offer new evidence on a sentencing remand. *United States v. Sumner*, 325 F.3d 884, 888 (7th Cir. 2003); *cf. United States v. Leonzo*, 50 F.3d 1086, 1088 (D.C. Cir. 1995)

(stating government would not have a second opportunity to offer new evidence on remand in support of loss calculation, as government had burden of proof and "[n]o special circumstances" justified its failure to sustain its burden at initial sentencing hearing). In *Sumner*, we held that the government could introduce new evidence on a sentencing remand that pertained to issues the defendant had not raised at the initial sentencing, but that we considered on plain error review. 325 F.3d at 888.

The government suggests that intervening case law making the form of proof it had first offered unacceptable constitutes another circumstance to justify the admission of additional evidence on a sentencing remand. We agree. When in *Sumner* we allowed the government to present on remand additional evidence relevant to issues not raised at the initial sentencing, we reasoned that an absolute bar on new evidence "would require the government to anticipate and present evidence on every conceivable issue that might later be found to constitute plain error on appeal. This would impose an impossible burden on the government." 325 F.3d at 888-89. So too here. At the time of the initial sentencing, no controlling case law deemed the government's method of proof improper. Accepting Hagenow's argument that even so, the government could not introduce new evidence on remand, would mean that the government would need to introduce every possible form of proof at sentencing to ensure that an enhancement would stand. That is an unreasonable burden to impose on the government, and we decline to do so.

Our decisions in *Wyss* and *Noble*, to which Hagenow points, do not counsel otherwise. In both cases, the scope of acceptable evidence was clear at the time the government initially failed to carry its burden of proof. *See Wyss*, 147 F.3d at 633 (stating that government had only one opportunity to prove drug quantity for sentencing pur-

poses); *Noble*, 367 F.3d at 682 (same). In fact, when we held in *Noble* that the government should not have been afforded an opportunity to present additional evidence of drug quantity on remand, we reasoned: "The government knew what it was required to introduce to meet its burden, and . . . the government failed to do so." *Noble*, 367 F.3d at 682.

Here, despite Hagenow's argument to the contrary, the government did not know at the time of the initial sentencing that the evidence it presented would not withstand later review. First, the Supreme Court's decision in *Taylor v. United States*, 495 U.S. 575 (1990), did not provide a list of acceptable evidence, nor did it give guidance as to the types of evidence that would be unacceptable. *See Shepard*, 544 U.S. at 20 ("The [*Taylor*] Court did not . . . purport to limit adequate judicial record evidence strictly to charges and instructions . . . ."). And our decision in *United States v. Cole*, 298 F.3d 659 (7th Cir. 2002), did not resolve this ambiguity. There, we approved the government's use of a plea transcript to show that a defendant's prior conviction was for a "crime of violence." 298 F.3d at 663-64. We did not, however, delineate between acceptable and unacceptable evidence, nor did we explain the circumstances under which evidence might be unacceptable. As a result, although Hagenow is correct that, at the time of the initial sentencing hearing, the government knew it could introduce the plea colloquy transcript from Hagenow's state court conviction, nothing at the time dictated that the Affidavit to Support Probable Cause attached to the information was not also acceptable to demonstrate that the prior conviction was for a crime of violence.

We are satisfied that only after the initial sentencing did case law make clear that the affidavit should not have been utilized to demonstrate that Hagenow's prior conviction constituted a crime of violence for the purposes

of a sentencing enhancement. We believe this intervening case law warrants a departure from the general rule that the government does not receive multiple opportunities to present evidence in support of a sentencing enhancement. As a result, the district court did not err when it allowed the government to introduce the plea colloquy for the first time on remand.

## III. CONCLUSION

The judgment of the district court is AFFIRMED.

A true Copy:

      Teste:

                _____
                *Clerk of the United States Court of*
                *Appeals for the Seventh Circuit*