In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-3882

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ROBERT E. HOKE,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 4:06-cr-40058-JPG-1—**J. Phil Gilbert**, *Judge*.

ARGUED APRIL 7, 2009—DECIDED JUNE 25, 2009

Before POSNER, RIPPLE and WOOD, *Circuit Judges*.

RIPPLE, *Circuit Judge*. Robert Hoke was indicted for the receipt and possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(a)(5)(B). After the Government rested its case, Mr. Hoke pleaded guilty to both counts. He later moved to withdraw his guilty plea, but the district court denied his motion. The court sentenced Mr. Hoke to 121 months' imprisonment and five years' supervised release. In this appeal, Mr. Hoke

contends that the court abused its discretion by not allowing him to withdraw his guilty plea. He also claims that the district court denied him his right of allocution in violation of Federal Rule of Criminal Procedure 32(i)(4)(A). For the reasons set forth in this opinion, we affirm the judgment of the district court.

## A.  Motion to Withdraw Guilty Plea

### 1.

On January 8, 2008, Mr. Hoke was charged with receipt of child pornography and possession of child pornography. A jury trial commenced on June 16, 2008, and the Government rested its case the following day. After Mr. Hoke heard all of the evidence against him, he pleaded guilty to both counts. Before accepting the plea, the district court advised and questioned Mr. Hoke as required by Rule 11(b)(1) of the Federal Rules of Criminal Procedure. The district court placed Mr. Hoke under oath and questioned him to ensure that he understood English and that he was satisfied with his representation. The court went through each count of the indictment and, although the Government already had presented its evidence during its case-in-chief, required the prosecutor to state, with respect to each count, the evidence upon which the Government relied. The court also assured itself that Mr. Hoke understood the length of the sentence he could receive and the conditions governing his subsequent release. The court also advised him of the rights that he could exercise if he elected to proceed with the trial. With regard to sentencing, the court told

Mr. Hoke that the United States Sentencing Guidelines are advisory and that it would consider the Guidelines, any statutory mandatory minimum and the factors enumerated under 18 U.S.C. § 3553(a). Throughout the process, the court ensured that Mr. Hoke understood the advice given to him. After verifying that no threats or promises had been made to Mr. Hoke and determining that his plea was a "free and voluntary act," the court accepted his guilty plea. R.94 at 8.

On August 18, Mr. Hoke wrote a letter to the court seeking to withdraw his plea of guilty. Two days later, Mr. Hoke's attorney moved to withdraw as counsel; the district court granted the motion and appointed new counsel. On October 1, Mr. Hoke moved to withdraw his guilty plea under Federal Rule of Criminal Procedure 11(d)(2)(B).

At a subsequent hearing, Mr. Hoke maintained that his plea was not made knowingly because he was confused about the nature of the proceedings and because he was innocent of the charges under a "technical defense."[1] Mr. Hoke claimed that his plea was coerced by his former attorney and that the attorney had told him that his computer expert could not testify. Mr. Hoke also said that he had looked to his attorney for direction on how to answer most of the court's questions at the plea hearing. By contrast, the former attorney testified that he did not instruct Mr. Hoke how to answer the questions and that, had they proceeded with the trial, he

---

[1] Mr. Hoke did not explain the nature of this "technical defense" at his hearing.

would have called Mr. Hoke's computer expert to testify. The Government questioned Mr. Hoke, who admitted to having no mental defects and to being clear-minded on the day that he pleaded guilty.

The court found that Mr. Hoke had not been prompted by his attorney when he answered its questions and also found that, during the hearing, Mr. Hoke had understood the consequences of his actions when he pleaded guilty. The court therefore denied his motion to withdraw his plea.

## 2.

We review the court's denial of Mr. Hoke's motion to withdraw his guilty plea for an abuse of discretion. *See United States v. Bowlin*, 534 F.3d 654, 659 (7th Cir. 2008). Mr. Hoke submits that the court erred in denying his motion to withdraw his guilty plea because he had a valid technical defense, which his prior attorney had failed to raise. He further maintains that he was "stressed and confused about the various proceedings leading up to the plea of guilty." Appellant's Br. 10.

The district court did not abuse its discretion in denying Mr. Hoke's motion to withdraw his plea. Mr. Hoke did not show "a fair and just reason for re-questing the withdrawal." *United States v. Bryant*, 557 F.3d 489, 495 (7th Cir. 2009) (quoting Fed. R. Crim. P. 11(d)(2)(B)). He claims that he is legally innocent because of a "technical defense." However, "claims of innocence alone do not mandate permission to withdraw a plea," but, rather, must be substantiated by evidence. *United States*

*v. Groll*, 992 F.2d 755, 758 (7th Cir. 1993). Furthermore, Mr. Hoke has not shown that, at the time of his plea, he was unaware of the technical defense which he now invokes. *See Bryant*, 557 F.3d at 495 (holding that the district court's denial of the defendant's motion to withdraw his plea was not an abuse of discretion because the defendant did not present newly discovered evidence relating to his factual guilt or innocence, and he did not discover a new legal defense after he pleaded guilty). Consequently, Mr. Hoke has not established that a fair and just reason for withdrawal exists.

Mr. Hoke claims that he was confused about the proceedings leading up to his plea of guilty. We have held, however, that "[t]he only rational manner in which a judge may determine whether a plea is knowingly and voluntarily made, is to observe the defendant's demeanor and responses to the court's questions and to rely on the defendant's sworn answers." *United States v. Ellison*, 835 F.2d 687, 693 (7th Cir. 1987). The district court had the opportunity to question and observe Mr. Hoke during his motion to withdraw plea hearing; it did not find that Mr. Hoke was confused or unaware of the nature of his actions at that time. We therefore believe that the court did not abuse its discretion in denying Mr. Hoke's motion to withdraw his guilty plea.

## B.  Right of Allocution

### 1.

Mr. Hoke's sentencing hearing was held on November 7, 2008. Prior to Mr. Hoke's allocution, the court

addressed an objection raised by the Government regarding the presentence investigation report ("PSR"). The Government maintained that the PSR should have advised a two-level enhancement for obstruction of justice because, it alleged, Mr. Hoke had made false statements during the hearing for his motion to withdraw his guilty plea. The court stated that it was not going to apply the obstruction of justice enhancement, but told the Government that "even though it's not applying the enhancement, [it] will be taking into account his testimony when it issues its sentence, which will be within the advisory guideline range. . . ." R.123 at 5.

The court then explained its guidelines-range findings and asked whether either side had any objections. Mr. Hoke's attorney replied that he would be objecting to the Guidelines as a whole, and he noted that the court is not bound by the Guidelines. The court acknowledged that the Guidelines are advisory and then noted that it would consider "the [section] 3553(a) factors as well as the advisory guidelines in issuing its decision on the appropriate sentence." *Id.* at 7. Mr. Hoke then presented mitigating statements from several witnesses, and his attorney argued that he should receive the mandatory minimum sentence of sixty months.

After the attorneys for both sides had spoken, the court directed Mr. Hoke to stand, and asked: "Is there anything you wish to say or offer in mitigation before this Court imposes sentence?" *Id.* at 26. Mr. Hoke replied that he had health problems. He admitted to looking at adult pornography, but denied ever looking at child

pornography. The court then sentenced Mr. Hoke to 121 months' imprisonment for Count 1 and 120 months' imprisonment for Count 2, to run concurrently, followed by five years of supervised release.

**2.**

Because Mr. Hoke raised no objection regarding his right of allocution at the district court level, we review only for plain error. *See United States v. Luepke*, 495 F.3d 443, 446 (7th Cir. 2007); Fed. R. Crim. P. 52(b). "Plain error review requires us to determine: (1) that error occurred; (2) that the error was plain; and (3) that the error affected the defendant's substantial rights*." Luepke*, 495 F.3d at 448. "If these criteria are met, we may reverse, in an exercise of discretion, if we determine that the error 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (quoting *United States v. Simpson*, 479 F.3d 492, 496 (7th Cir. 2007)).

Mr. Hoke submits that the district court foreclosed any possibility of a below-guidelines sentence, prior to his opportunity to address the court, when it stated that his sentence would be "within the advisory guideline range." R.123 at 5. Mr. Hoke therefore contends that the court violated his right of allocution and maintains that the violation was not cured when the court later allowed him to present witnesses and to personally address the court. *See Luepke*, 495 F.3d at 452; Fed. R. Crim. P. 32(i)(4).

Federal Rule of Criminal Procedure 32(i)(4)(A), which codifies the common law right of allocution, states

that, prior to imposing a sentence, the court must "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." In *Green v. United States*, 365 U.S. 301, 304 (1961) (plurality opinion), the Supreme Court interpreted an earlier version of this rule and held that a defendant must be afforded the opportunity to personally address the court. The Court stated that district courts should "unambiguously address themselves to the defendant" and "should leave no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing." *Id.* at 305.

We must consider the district court's statement regarding sentencing Mr. Hoke under the Guidelines in the context in which it was made. During the sentencing hearing, the Government objected to the PSR, maintaining that Mr. Hoke should have received an obstruction of justice enhancement for making false statements. The court declined to apply the enhancement and explained that it would "be taking into account his testimony when it issues its sentence, which will be within the advisory guideline range . . . ." R.123 at 5.

When read in context, it is evident that the district court was merely communicating that it would use the Guidelines as its baseline, as opposed to the elevated sentencing range that the Government sought. After the court stated its intent, Mr. Hoke's attorney quickly noted that he would be challenging the applicability of the Guidelines and stated that the court was not bound by them.

The court agreed, noting that the Guidelines "are advisory." R.123 at 7. It further stated that it would be "considering [section] 3553(a) factors as well as the advisory guidelines in issuing its decision on the appropriate sentence." *Id*. In this colloquy with counsel, the court expressed clearly that it had not reached a conclusive decision regarding Mr. Hoke's sentence and that it would consider the relevant sentencing factors and the advisory nature of the Guidelines. The court, moreover, gave Mr. Hoke an opportunity to present witnesses and invited him to address the court. We conclude that the court did not deny Mr. Hoke his right of allocution and, therefore, did not commit plain error.[2]

---

[2] This case is not controlled by *United States v. Luepke*, 495 F.3d 443 (7th Cir. 2007). In *Luepke*, the district court announced a specific sentence and committed the defendant to the Bureau of Prisons prior to allocution. *Id.* at 445. After announcing the sentence in "seemingly conclusive terms," the court stated "[b]efore *imposing* any sentence in this matter I will call upon the defendant for those matters which he would like to bring to the Court's attention." *Id.* (citation omitted, emphasis in original). We held that the court had committed plain error by imposing a sentence before affording the defendant an opportunity to speak and observed that "the defendant had little incentive to share his thoughts on the matter of a sentence that he had every reason to believe had already been decided." *Id.* at 450.

## Conclusion

For the foregoing reasons, the judgment of the district court is affirmed.

AFFIRMED